IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GW EQUITY, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| V. | § | |
| | § | 3:07-CV-0976-K |
| XCENTRIC VENTURES, LLC, et al | § | |
| | § | |
| Defendants. | § | |
| | § | |

**ORDER**

Before the Court is Plaintiff GW Equity, LLC's ("Plaintiff") Original Complaint for Damages and Emergency Application for Injunctive Relief (Doc. No. 1). The Court **partially GRANTS** Plaintiff's application in that the Court will conduct a Preliminary Injunction Hearing. The Court **DENIES** Plaintiff's application in so far as it seeks an *ex parte* Temporary Restraining Order. The Court, therefore, **ORDERS** the parties to appear before this Court on **Thursday, June 14, 2007 at 10:15 a.m.** to conduct a hearing to consider Plaintiff's Application for Preliminary Injunction. Section B of this Order sets forth the requirements for that hearing.

A.   Temporary Restraining Order

An *ex parte* temporary restraining order ("TRO") is an extraordinary remedy and may only be granted upon Plaintiff showing (1) it will suffer immediate and irreparable injury, loss, or damage if the TRO is not granted before the opposing party can be heard and (2) notice should not be required because either it would be impractical or impossible or there are no less drastic means to protect Plaintiff's interest. *First Tech.*

*Safety Sys. v. Depinet,* 11 F.3d 641, 650 (6th Cir. 1993); *see also, Phillips v. Chas. Schreiner Bank,* 894 F.2d 127, 131 (5th Cir. 1990)(noting the "stringent restrictions" of Rule 65(b) on *ex parte* TROs). Plaintiffs allege that as early as November 2006 Defendants published false, misleading, disparaging and defamatory statements about Plaintiffs on Defendants' websites. Any harm resulting from these purported statements is not imminent or immediate such that the Court would grant Plaintiff preliminary relief without giving Defendants notice and an opportunity to be heard. Accordingly, the Court **DENIES** Plaintiff's request for an *ex parte* TRO.

**B.     Preliminary Injunction Hearing**

As stated above, the Court will conduct a preliminary injunction hearing on **Thursday, June 14, 2007 at 10:15 a.m.** to consider Plaintiff's Application for Preliminary Injunction. Pursuant to Fed. R. Civ. P. 43(e), the court will decide the motion on the basis of the Parties' oral arguments, affidavits, deposition excerpts, and/or exhibits. *See, e.g., FSLIC v. Dixon*, 835 F.2d 554, 558-59 (5th Cir. 1987); *E. E. Maxwell Co. v. Arti Decor, Ltd.*, 638 F. Supp. 749, 751 n.3 (N.D. Tex. 1986). This section governs the timing and content of the required submissions.

I

Plaintiff has already filed its brief and supporting material with the Clerk of the Court. Therefore, Defendants must file opposition materials, and a separate brief, on or before **June 12, 2007 at 12:00 p.m.**

The brief must comply with local civil rule 7.2. Opposition materials must be set

forth in an appendix, in the form prescribed by § IV of this order. The brief must include citations to each page of the appendix that supports each assertion made concerning the evidence.

The appendix and brief must be served on all parties entitled to such service no later than **2:00 p.m. June 12, 2007.**

## II

Plaintiff may file a reply brief, but not additional evidence, on or before **June 13, 2007** with the Clerk of the Court. The reply must be served on all parties entitled to such service no later than **2:00 p.m. June 13, 2007.** The brief must comply with local civil rule 7.2.

## III

Evidentiary materials must be set out in an appendix that meets the following requirements: (A) The appendix must be assembled as a self-contained document, separate from the brief. (B) Each page of the appendix must measure 8½ x 11 inches. Non-documentary exhibits (*e.g.*, videotapes and other physical exhibits) and oversized exhibits (*e.g.*, maps and schematic drawings) that are included in the appendix must be placed in an envelope that measures 8½ x 11 inches. (C) Each page of the appendix must be numbered legibly in the lower, right-hand corner. The first page must be numbered as "1," and succeeding pages must be numbered sequentially through the last page of the entire appendix (*i.e.,* the numbering system must not re-start with each succeeding document in the appendix). An envelope that contains a non-documentary

or oversized exhibit must be numbered as if it were a single page.

### IV

Plaintiff is responsible for **promptly** serving (1) the Original Complaint for Damages and Emergency Application Injunctive Relief and (2) a copy of this Order on every party against whom injunctive relief is sought as well as any party Plaintiff deems necessary.

### V

Counsel for each side shall have 20 minutes to argue its position before the Court, with five minutes of rebuttal time for the Plaintiff.

**C.** **Conclusion**

Plaintiff's Application for a preliminary injunction hearing is **GRANTED in part**; accordingly, the Court **ORDERS** the parties to appear before this Court on **Thursday, June 14, 2007 at 10:15 a.m.** for a preliminary injunction hearing. The Court **DENIES** Plaintiff's application in so far as it seeks an *ex parte* TRO. Plaintiff shall **promptly** serve (1) the Original Complaint for Damages and Emergency Application Injunctive Relief and (2) this Order on Defendants and all necessary parties.

**SO ORDERED.**

Signed June 6th, 2007

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE