UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GW EQUITY, LLC, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | CIVIL ACTION |
| v. | § | |
| | § | No. 3-07-CV-0976-K |
| XCENTRIC VENTURES, LLC, | § | |
| WWW.RIPOFFREPORT.COM, | § | |
| WWW.BADBUSINESSBUREAU.COM, | § | |
| and EDWARD MAGEDSON, | § | |
| | § | |
| DEFENDANTS. | § | |

### SUPPLEMENTAL AFFIDAVIT OF RYAN BINKLEY

THE STATE OF TEXAS      §
                                          §
COUNTY OF DALLAS    §

On this day, before the undersigned authority, personally appeared Ryan Binkley, known to me to be the person whose name is subscribed hereto and under oath states:

1.  My name is Ryan Binkley. I am over the age of 21, have never been convicted of a felony or crime of moral turpitude, and am, in all ways, capable of making this Affidavit. The facts stated in this Affidavit are within my personal knowledge and are true and correct.

2.  I am currently employed as President of GW Equity, LLC ("GW Equity"). Based on my service in this capacity, I am personally familiar with the facts stated in this affidavit. All of the information contained in this Supplemental Affidavit serves to supplement the facts previously stated in my Original Affidavit filed in support of GW Equity's Original Complaint for Damages and Emergency Application for Injunctive Relief.

3.  In my original affidavit, I explained in detail the losses that GW Equity has suffered due to the false, misleading, disparaging and defamatory statements about GW Equity

on Defendants' websites, www.ripoffreport.com and www.badbusinessbureau.com (collectively, the "Websites"). Nevertheless, the financial injury GW Equity has suffered has not ended. Since filing my original affidavit approximately one week ago, GW Equity has continued to suffer severe business losses and other consequences due to the statements on Defendants' Websites.

4.  When existing or potential clients discover the false postings about GW Equity on the Websites, they ultimately decide not to attend our educational seminars or to terminate their contracts with GW Equity. The following non-exhaustive list represents more potential clients who have decided not to pursue a business relationship with GW Equity *in the last week* due to the false and misleading information on the Websites:

- On June 5, 2007, Paul Roesel of The Sack Company informed GW Equity that it was not interested in pursuing a business relationship with GW Equity after reading the statements on Defendants' Websites. GW Equity would have received $29,975.00 from this potential client.

- On June 6, 2007, David McDonald of DMC, Inc. informed GW Equity that it was not interested in pursuing a business relationship with GW Equity after reading the statements on Defendants' Websites. GW Equity would have received $29,975.00 from this potential client.

- On June 6, 2007, Echo Magazine informed GW Equity that it was not interested in pursuing a business relationship with GW Equity after reading the statements on Defendants' Websites. GW Equity would have received $29,975.00 from this potential client.

- On June 7, 2007, Bob Gard of Georgian Plantation Shutter Company informed GW Equity that it was not interested in pursuing a business relationship with GW Equity after reading the statements on Defendants' Websites. GW Equity would have received $29,975.00 from this potential client

- On June 7, 2007, Keith White of Parkerwhite informed GW Equity that it was not interested in pursuing a business relationship with GW Equity after reading the statements on Defendants' Websites. GW Equity would have received $29,975.00 from this potential client.

- On June 7, 2007, Tony Cobb of All Gutter Systems, Inc. informed GW Equity that it was not interested in pursuing a business relationship with GW Equity after reading the statements on Defendants' Websites. GW Equity would have received $29,975.00 from this potential client.

- On June 7, 2007, Don McGilvray of Olympia, Inc. informed GW Equity that it was not interested in pursuing a business relationship with GW Equity after reading the statements on Defendants' Websites. GW Equity would have received $29,975.00 from this potential client.

- On June 7, 2007, Scott Cafner of Angel Appliances Sales Services informed GW Equity that it was not interested in pursuing a business relationship with GW Equity after reading the statements on Defendants' Websites. GW Equity would have received $29,975.00 from this potential client.

- On June 7, 2007, Wayne Huber of Huber General Contracting LLC informed GW Equity that it was not interested in pursuing a business relationship with GW Equity after reading the statements on Defendants' Websites. GW Equity would have received $29,975.00 from this potential client.

5. The false and misleading postings by Defendants on the Websites have clearly disrupted GW Equity's ability to conduct business. The damages I have identified above are just the losses we actually have knowledge about. Because the majority of GW Equity's client base uses the Internet to learn more about information about our company, there are certainly more unidentified potential clients who have read the false postings on the Websites and have then decided not to do business with us. It is thus virtually impossible for us to know how many clients we are losing on a weekly and monthly basis.

6. Furthermore, it is incredibly difficult for GW Equity to neutralize the force of the false and misleading statements on the Websites. Because we do not know the identity of every single person who visits the Websites, we cannot try to explain to these potential clients that the statements are false and misleading. As a result, Defendants' actions have caused us to lose

customers at an increasing rate per month and have severely damaged our business and reputation.

7. GW Equity does not have an adequate remedy at law for money damages in the event that the defamatory "Rip-off Reports" regarding GW Equity remain on the Defendants' Websites. GW Equity cannot in any way estimate the precise losses we are experiencing due to the statements on the Websites.

8. Defendants will not be prejudiced at all by taking down the false and misleading postings on the Websites because there is no evidence that they will suffer any damages. Indeed, Defendants do not experience a profit by maintaining the false and misleading statements regarding GW Equity on the Websites.

9. Unless this Court grants the requested relief, GW Equity will be irreparably harmed because the loss of existing and potential clients would cause GW Equity to suffer irreparable economic harm in that GW Equity may never be able to get those relationships back. Furthermore, the goodwill and reputation GW Equity has worked so hard to establish with its customer base will be lost.

10. I affirm under penalty of perjury that, to the best of my knowledge and belief, the above is true and correct.

AFFIANT SAYETH NOTHING FURTHER.

_____
RYAN BINKLEY

Subscribed and sworn to before me, this 11th day of June, 2007.

_____
Notary Public in and for the State of Texas

My Commission Expires: 3/2/08

SEAL:



JERRY G. HILL
MY COMMISSION EXPIRES
MARCH 2, 2008

---