# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **GW EQUITY, LLC,** § | |
| § | |
| PLAINTIFF, § | |
| § | **CIVIL ACTION** |
| v. § | |
| § | **No. 3-07-CV-0976-K** |
| **XCENTRIC VENTURES, LLC,** § | |
| **WWW.RIPOFFREPORT.COM**, § | |
| **WWW.BADBUSINESSBUREAU.COM**, § | |
| and **EDWARD MAGEDSON,** § | |
| § | |
| DEFENDANTS. § | |

## MOTION TO STRIKE DECLARATION OF EDWARD MAGEDSON

COMES NOW Plaintiff GW Equity ("GW Equity") and respectfully moves the Court to strike the Declaration of Edward Magedson ("Mr. Magedson") filed in support of Defendant Xcentric Ventures, LLC's Opposition to Plaintiff's Application for Injunctive Relief ("Opposition"). In support of its Motion, GW Equity respectfully shows as follows:

1.   On June 12, 2007, Defendants filed their Opposition and attached a declaration from Mr. Magedson in support of certain factual allegations raised therein. *See* Exhibit A, Declaration of Edward Magedson. Paragraph 20 of Mr. Magedson's declaration is rife with hearsay and therefore is not competent evidence for this Court to consider. As a result, GW Equity requests that the inadmissible portions of Mr. Magedson's declaration be stricken.

2.   An interested party may make a declaration so long as the declaration is based upon personal knowledge. *See Gibson v. Liberty Mut. Group*, No. 04-10649, 2005 WL 900629, at *1 (5th Cir. Apr. 19, 2005). If a declaration contains portions that are not based upon personal

knowledge, the court must disregard those portions as inadmissible and consider only the remaining portions, which are based upon personal knowledge. *Lee v. Nat'l Life Ins. Co. of Canada*, 632 F.2d 524, 529 (5th Cir. 1980).

3. An opposing party can move to strike a declaration supporting a motion that contains statements that constitute hearsay. *See Crowell v. Alamo Comty. College Dist.*, Civ. A. No. SA-03-CA-0686-RF, 2006 WL 2769947, at *7 (W.D. Sept. 25, 2006) (citing *Spector v. Experian Info. Servs., Inc.*, 321 F. Supp. 2d 348, 352 (D. Conn. 2004)). Hearsay is inadmissible unless it falls within an exception to the hearsay rule. *See* FED. R. EVID. 802.

4. GW Equity makes the following specific objections to Mr. Magedson's declaration:

Paragraph 20: Although GWE has alleged that I wrote the reports at issue in this case, I believe these reports were actually created by a former employee of GWE named Dickson Woodard ("Mr. Woodard"). I have previously spoken to Mr. Woodard in the past regarding the Rip-Off Report website and on June 11, 2007, I had a telephone conversation with Mr. Woodard in which he admitted to me that he authored all of the reports which are the subject of the current lawsuit against me.

Objection: These statements are not based on Mr. Magedson's personal knowledge. Mr. Magedson has no basis to support his statements that the reports were created by Dickson Woodard. Furthermore, Defendants offer the statements for the truth of the matters asserted by Mr. Magedson. Here, the information contained in paragraph 20 refers to statements allegedly made by Dickson Woodard to Mr. Magedson. Defendants are offering Mr. Magedson's statements regarding what Mr. Woodard said to prove that Mr. Magedson did not author the

reports which are the subject of the underlying lawsuit. As a result, these statements are inadmissible hearsay. *See* FED. R. CIV. P. 801.

5.  As demonstrated above, paragraph 20 of Mr. Magedson's declaration is not based on personal knowledge and is inadmissible hearsay. Accordingly, the statements contained in this paragraph of Mr. Magedson's declaration do not rise to the level of competent evidence.

WHEREFORE, PREMISES CONSIDERED, Plaintiff GW Equity respectfully moves the Court to strike paragraph 20 of the Declaration of Edward Magedson.

Dated: June 13, 2007                          Respectfully submitted,


_____*/s/ John T. Cox III*_____
John T. Cox III
Texas Bar No. 24003722
**LYNN TILLOTSON & PINKER, L.L.P.**
750 N. St. Paul Street, Suite 1400
Dallas, Texas 75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile

**ATTORNEY FOR PLAINTIFF
GW EQUITY, LLC**

**CERTIFICATE OF CONFERENCE**

Counsel for GW Equity contacted Mr. David Gringas, counsel who has appeared for Defendants in this case, via email to see if he was opposed to the contents of this motion. As of the time of filing this motion, counsel for Defendants has not responded to our email request.

Certified to this 13th day of June, 2007.


_____*John T. Cox III*_____
John T. Cox III



**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the following counsel *via ECF* on this 13th day of June, 2007.

| | |
|---|---|
| Maria Crimi Speth, Esq. | Jeffrey S. Seeburger |
| Jaburg & Wilk, PC | Kane Russell Coleman & Logan, P.C. |
| 3200 North Central Avenue, Suite 2000 | 3700 Thanksgiving Tower |
| Phoenix, Arizona 85012 | 1601 Elm Street |
| mcs@jaburgwilk.com | Dallas, TX 75201 |
| Tel: (602) 248-1000 | Tel: (214) 777-4200 |
| Direct: (602) 248-1089 | Direct: (214) 777-4275 |
| Fax: (602) 248-0522 | Fax: (214) 777-4299 |
| | jseeburger@krcl.com |


___*/s/ John T. Cox III*_____
John T. Cox III