UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GW EQUITY, LLC, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | CIVIL ACTION |
| v. | § | |
| | § | No. 3-07-CV-0976-K |
| XCENTRIC VENTURES, LLC, | § | |
| WWW.RIPOFFREPORT.COM, | § | |
| WWW.BADBUSINESSBUREAU.COM, | § | |
| and EDWARD MAGEDSON, | § | |
| | § | |
| DEFENDANTS. | § | |

**PLAINTIFF'S SECOND MOTION FOR LEAVE TO SUPPLEMENT APPLICATION FOR EMERGENCY INJUNCTIVE RELIEF AND REPLY IN SUPPORT OF EMERGENCY APPLICATION FOR INJUNCTIVE RELIEF WITH ADDITIONAL EVIDENCE**

Plaintiff GW Equity, LLC ("GW Equity") seeks to supplement the evidence before this Court with newly discovered information which is relevant to its Emergency Application for Injunctive Relief. GW Equity has attached a copy of this newly discovered evidence as Exhibit A to its Motion. This evidence was not discovered until yesterday. This newly discovered evidence is relevant to this proceeding because it shows that certain statements made in the Declaration of Edward Magedson are false and inaccurate.[1] Furthermore, this evidence supports GW Equity's argument that Defendants are not subject to immunity under the Communications Decency Act ("CDA").

---

[1] This declaration was filed in support of the Opposition to Plaintiff's Application for Injunctive Relief filed by Defendants Xcentric Ventures, LLC, www.ripoffreport.com, www.badbusinessbureau.com, and Edward Magedson (collectively, "Defendants"). GW Equity plans to file a separate motion to strike the Declaration of Edward Magedson due to the false statements contained therein.

The newly discovered evidence attached as Exhibit A that GW Equity seeks to introduce proves that Defendants are taking an active role in developing the information that is posted on the Websites.[2] Despite the statements Mr. Magedson made in his declaration, Defendants do in fact alter, edit, modify and in some cases delete postings from the Websites once they receive the substantial fees they request through their so-called "Corporate Advocacy Program."

The actions taken by Defendants on the Websites are specifically described in Exhibit A. In particular, a representative of Hy Cite Corporation was informed by Defendants that in order to participate in the "Corporate Advocacy Program," it must first "send a check for $30,000 made payable to badbusinessbureau.com." *Id*. Defendants informed Hy Cite Corporation that if it took such actions, "all reports [would be] UPDATED in a positive light." *Id*. Defendants also claimed that they would edit the "Rip-off Report title." *Id*. As part of Defendants' offer, Hy Cite Corporation was required to send Defendants "an additional $20,000 with in [sic] 5 days of the last Report being UPDATED." *Id*. In addition, "30 days after the second payment of $20,000 [Defendants] would require a monthly retainer of $1,500." *Id*. This evidence proves that for a substantial amount of money, Defendants will remove or prohibit new negative postings from being added on the Websites for some period of time.

Based on this evidence, Defendants are not entitled to immunity under the CDA because they are responsible for and contribute to the development of content on the Websites. Exhibit A demonstrates that Defendants are clearly taking an active role in developing the information that gets posted on the Websites by offering to update postings, change titles, and remove and

---

[2] For Defendants to be immune from liability under the CDA, they must establish that: (1) they are each an interactive computer service; (2) that they are not an information content provider with respect to the information that was posted; and (3) that the claims GW Equity has asserted against them treat Defendants as a publisher or speaker of information that originated from a third-party. *See* 47 U.S.C. § 230. An information content provider is "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service. *Id*. § 230(f)(3).

prohibit new postings from being added. More importantly, it shows that Defendants are operating the Websites under the guise of a consumer advocacy forum and are using the Websites as a means to extort money out of innocent companies. For this reason, GW Equity's application for a preliminary injunction should be granted.

## CONCLUSION

For the reasons stated above, GW Equity respectfully requests this Court to grant leave for Plaintiff to supplement the record with the newly discovered evidence attached as <u>Exhibit A</u>.

Dated: June 15, 2007                    Respectfully submitted,

_____/s/ John T. Cox III_____
John T. Cox III
Texas Bar No. 24003722
**LYNN TILLOTSON & PINKER, L.L.P.**
750 N. St. Paul Street, Suite 1400
Dallas, Texas 75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile

**ATTORNEY FOR PLAINTIFF
GW EQUITY, LLC**

## CERTIFICATE OF CONFERENCE

Counsel for GW Equity contacted counsel for Defendants to determine whether they oppose the relief requested in this motion. As of the time of filing this motion, counsel for Defendants have not responded to counsel for GW Equity's request. Because counsel for GW Equity has not received a response, this motion should be construed as opposed.

Certified to this 15th day of June, 2007.

> _____*John T. Cox III*_____
> John T. Cox III

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the following counsel *via ECF* on this 15th day of June, 2007.

| | |
|---|---|
| Maria Crimi Speth, Esq. | Jeffrey S. Seeburger |
| Jaburg & Wilk, PC | Kane Russell Coleman & Logan, P.C. |
| 3200 North Central Avenue, Suite 2000 | 3700 Thanksgiving Tower |
| Phoenix, Arizona 85012 | 1601 Elm Street |
| mcs@jaburgwilk.com | Dallas, TX 75201 |
| Tel: (602) 248-1000 | Tel: (214) 777-4200 |
| Direct: (602) 248-1089 | Direct: (214) 777-4275 |
| Fax: (602) 248-0522 | Fax: (214) 777-4299 |
| | jseeburger@krcl.com |

> ___*/s/ John T. Cox III*_____
> John T. Cox III