UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GW EQUITY, LLC, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO. |
| | ) 3-07 CV 0976-K |
| v. | ) |
| | ) |
| XCENTRIC VENTURES, LLC, *ET AL.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' OPPOSITION TO
PLAINTIFF'S *SECOND* MOTION FOR LEAVE TO
SUPPLEMENT APPLICATION FOR EMERGENCY**

Defendants XCENTRIC VENTURES, L.L.C. ("Xcentric") and ED MAGEDSON ("Magedson") respectfully submit the following Opposition to Plaintiff GW Equity, LLC's ("GWE") *Second* Motion for Leave to Supplement its Application for Emergency Injunctive Relief.

GWE's Second Motion to Supplement should be denied because it contains nothing new and nothing relevant to any of the issues before this Court. Instead, GWE's supplement seeks to introduce emails from 2003 between Ed Magedson and a third party company named "HY CITE" which relate to an entirely different case than the one currently pending before this Court.

In these four-year old emails, Mr. Magedson talks with HY CITE about services offered pursuant to Xcentric's "Corporate Advocacy Program". These services are not at issue in this case because GWE claims that it rejected any invitation to join that program.

10297-1/DSG/DSG/593708_v1

There is also no basis for GWE's suggestion that Mr. Magedson's emails to HY CITE in *that case* are inconsistent with any position taken by Xcentric or Magedson *in this case*. Taking Mr. Magedson's statements entirely out of context, GWE argues that his emails to HY CITE show that "for a substantial sum of money, Defendants will remove or prohibit new negative postings from being added on the [Rip-Off Report] websites for some period of time." GWE's Mot. (Doc. #15) at 2.

GWE's claim is totally false; <u>nothing in Mr. Magedson's emails states that negative reports will be removed or that positive reports will be blocked</u>. If the Court reviews these emails in their entirety, it should be obvious that Mr. Magedson is merely explaining to HY CITE that if it wants to join Xcentric's Corporate Advocacy Program, Xcentric will contact the unhappy customers who wrote each complaint in an effort to help resolve that customer's concerns (often by given the customer a refund). Then, if the refund is given and the customer is happy, "Rip-off Report can assist your customer, making sure <u>they UPDATE</u> the Report to let everyone know what good business people you are." (Doc. 15-2 at page 4 of 9) (emphasis added).

These emails also state that if a customer fails to respond to the company's efforts to resolve the complaint, Xcentric will <u>not</u> remove the complaint, but will post an update regarding its investigation stating that reasonable efforts have been made to satisfy the customer but that the customer has not responded (this is exactly the same manner in which the Better Business Bureau handles consumers who file complaints but then refuse to respond to settlement offers). Nothing in these emails contradicts any part of Mr. Magedson's Declaration submitted in this case.

GWE claims that this "newly discovered" evidence is contrary to Mr. Magedson's declaration that Defendants do not alter, edit or modify postings. Mr. Magedson's declaration never denies that Mr. Magedson writes investigation reports about companies who are members of the Corporate Advocate Program. Defendants have never disputed that its agents write some content on the website. Rather, it disputes that its agents ever wrote or modified any content regarding GWE. In this respect, the law is absolutely clear:

> Further, even assuming Matchmaker could be considered an information content provider [as to other content], the statute precludes treatment as a publisher or speaker for "*any* information provided by *another* information content provider." 47 U.S.C. § 230(c)(1) (emphasis added). <u>The statute would still bar Carafano's claims unless Matchmaker created or developed *the particular information at issue*</u>.

*Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1125 (9th Cir. 2003) (first emphasis in original; second emphasis added). In other words, the "new" information GWE seeks to introduce here only relates to the question of whether Xcentric offered to create content about HY CITE in 2003 as part of the Corporate Advocacy Program. This point is wholly irrelevant because to overcome the CDA's immunity here, GWE must prove that Xcentric and Magedson created the content at issue in this case, not the content at issue in some other case:

> [T]he fact appellants allege eBay is an information content provider [of other content] is irrelevant <u>if eBay did not itself create or develop the content for which appellants seek to hold it liable</u>. It is not inconsistent for eBay to be an interactive service provider and also an information content provider; the categories are not mutually exclusive. The critical issue is whether eBay acted as an information content provider <u>with respect to the information that appellants claim is false or misleading</u>.

3

*Carafano*, 339 F.3d at 1125 (emphasis added) (quoting *Gentry v. eBay, Inc.*, 99 Cal.App.4th 816, 121 Cal.Rptr.2d 703 (2002).  In short, the mere fact that Defendants may create some content for Rip-Off Report does not vitiate the CDA's protection unless GWE proves that defendant actually created the specific reports which GWE claims are false in this case.  Emails regarding an unrelated company (HY CITE) in 2003 in a different case do not relate to this issue and are therefore entirely irrelevant.

Because GWE's Second Motion to Supplement contains only irrelevant information, the motion should be denied.

DATED this 20th day of June, 2007.

**JABURG & WILK, P.C.**

/s/  Maria Crimi Speth
Maria Crimi Speth, Esq.
JABURG & WILK PC
3200 North Central Avenue
Suite 2000
Phoenix, Arizona 85012
(602) 248-1000
Attorneys for Defendants
*Pro Hac Vice* Application Pending


/s/  Jeffrey S. Seeburger
Jeffrey S. Seeburger
Texas State Bar No. 00788381
KANE RUSSELL COLEMAN
& LOGAN, P.C.
3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Tel: (214) 777-4275
Fax: (214) 777-4299