UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GW EQUITY, LLC, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO. |
| | ) 3-07 CV 0976-K |
| v. | ) |
| | ) |
| XCENTRIC VENTURES, LLC, *ET AL.*, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO STRIKE HEARSAY CONTAINED IN THE AFFIDAVIT OF RYAN BINKLEY AND SUPPLEMENTAL AFFIDAVIT OF RYAN BINKLEY

Defendants XCENTRIC VENTURES, L.L.C. ("Xcentric") and ED MAGEDSON ("Magedson") respectfully submit the following Motion to Strike the hearsay contained in the Affidavit of Ryan Binkley and the Supplemental Affidavit of Ryan Binkley. There is no legal or factual basis for certain statements made in both documents. In both the Affidavit and the Supplemental Affidavit, Ryan Binkley submits a number of statements that are hearsay within hearsay, and therefore the Court should not rely on those statements as truth.

**Affidavits Contain Multiple Levels of Hearsay**

By making his Affidavit, Mr. Binkely has sworn to the Court that he is "personally familiar with the facts stated in this affidavit" and that the statements made in the Affidavit are "true and correct." Yet this Court is not required to take at his word statements made by Mr. Binkley that are attributable to third parties. The statements

10297-1/LAR/LAR/593612_v1

made in both Paragraph 16 of the Affidavit of Ryan Binkley, as well as Paragraph 4 of the Supplemental Affidavit of Ryan Binkley, do not fall under any exception to the hearsay rules under the Federal Rules of Evidence.  Mr. Binkley has offered no evidence or additional affidavits to support the bald assertions made in his Affidavit and Supplemental Affidavit.  Without any such additional support, the statements made by Mr. Binkley in Paragraph 16 of his Affidavit and Paragraph 4 of his Supplemental Affidavit must be stricken as inadmissible hearsay.

**Statements Attributable To Potential Clients Are Hearsay**

In Paragraph 16 of the Affidavit of Ryan Binkley, Mr. Binkley sets forth a list of eleven potential clients who chose not to do business with GW Equity.  For each of the eleven potential clients, Mr. Binkley states unequivocally that the client "informed GW Equity that it was not interested in attending its conference after reading the statements on Defendants' Websites."

Similarly, in Paragraph 4 of the Supplemental Affidavit of Ryan Binkley, Mr. Binkley sets forth a list of nine separate potential clients who he says chose not to do business with GW Equity.  For each of the nine potential clients, Mr. Binkely states unequivocally that the client "informed GW Equity that it was not interested in pursuing a business relationship with GW Equity after reading the statements on Defendants' Websites."

Mr. Binkley does not state that he personally spoke with these customers.  Thus, Mr. Binkley is relaying his employees' statements to him about what the customer said to them.

"Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Federal Rules of Evidence Rule 801, 28 U.S.C.A. It is evident that Mr. Binkley is offering the statements from the potential clients for the truth of those statements, as opposed to any other legitimate purpose. *See, e.g.*, Fed.R.Evid. 803 advisory committee's note ("In a hearsay situation, the declarant is, of course, a witness, and neither this rule nor Rule 804 dispenses with the requirement of firsthand knowledge."); Fed.R.Evid. 602 advisory committee's note (witness may not testify "to subject matter of [a] hearsay statement, as he has no personal knowledge of it." An extra judicial statement, when testified to by one other than the maker, is not admissible as substantive evidence; such statement clearly falls afoul the hearsay rule. *U. S. v. Johnson*, 427 F.2d 957 (C.A.5 (La.) 1970). Thus any statements allegedly made by any potential customer of GWE, if testified to by Ryan Binkley, is not admissible as substantive evidence.

Federal Rule of Evidence 805 requires that all levels of hearsay satisfy exception hearsay requirements before the statement is admissible. *Wilson v. Zapata Off-Shore Co.*, 939 F.2d 260, 271 (C.A.5 (Tex.),1991). That is not done here. Furthermore, it is clear that Mr. Binkley's Affidavits are entirely self-serving and, in light of his bias, there is "too great a risk of inaccuracy or untrustworthiness to provide the circumstantial guarantees of trustworthiness contemplated by the hearsay exceptions." *Rock v. Huffco Gas & Oil Co., Inc.*, 922 F.2d 272, 280 (C.A.5 (La.),1991); *see* Fed.R.Evid. 803 advisory committee notes.

10297-1/LAR/LAR/593612_v1

The rule against hearsay has as its primary purpose of being the protection of the right of litigants to confront witnesses against them and to test their credibility through cross-examination. *U. S. v. Evans*, 572 F.2d 455 (C.A.5 (Tex.) 1978), *rehearing denied* 576 F.2d 931, *certiorari denied* 99 S.Ct. 200, 439 U.S. 870, 58 L.Ed.2d 182.

The Affidavits provide little to no information about the potential customers whom supposedly chose not to do business with GWE. Mr. Binkley chose to identify only the name of the company in his Affidavits. He provides no contact information for the company, and, indeed, in the original Affidavit does not even identify the individuals from the company who supposedly made the statements attributed to them. By providing to both Defendants and the Court only a corporate name – i.e. "Salepoint, Inc." or "Ames Lawn Care" – without any additional contact information, GWE has made it virtually impossible for Defendants to locate and interview these customers to determine (1) if the statements were made; and (2) if they would have done business with GWE but for the allegedly defamatory statements. GWE has deprived Defendants the opportunity to cross-examine these highly important witnesses.

**Lost Profit Amounts Are Hearsay**

GWE simply assumes, and it asks the Court to likewise assume, that any and all postings on Defendants' website which mention GWE must be entirely false. If GWE claims that it suffered losses as the result of information posted on Defendants' site, it must prove that the loss was caused by the publication of a false statement rather than a true one. *See* RESTATEMENT (SECOND) OF TORTS § 581(A) (1977) (noting that "one who publishes a defamatory statement of fact is not subject to liability for defamation if the

4

statement is true."). Thus, in order to recover any damages at all, GWE's burden is to prove that it lost business solely and exclusively because of <u>false</u> negative statements rather than true negative statements.

In Paragraph 16 of the Affidavit of Ryan Binkley, Mr. Binkley attributes a specific monetary figure - $29,975.00 – as the amount "GW Equity would have received" from this potential client. Also in Paragraph 4 of the Supplemental Affidavit of Ryan Binkley, Mr. Binkley also attributes a specific monetary figure - $29,975.00 – as the amount "GW Equity would have received" from this potential client. Mr. Binkley provides no foundation in his affidavit for the determination of this number.

In the Affidavits, Mr. Binkley asserts that GWE would have been entitled to the exact same specific monetary sum from each potential customer. What the Affidavits neglect to mention is any foundation for such a number, let alone whether any of the potential clients would have actually paid that amount. Without providing any basis for the alleged amounts the potential clients would have paid, Mr. Binkley's assertions cannot stand as truth.

**<u>Conclusion</u>**

As demonstrated above, the Federal Rules of Evidence require that Paragraph 16 of the Affidavit of Ryan Binkley and Paragraph 4 of the Supplemental Affidavit of Ryan Binkley be stricken from the record as inadmissible hearsay.

. . . .

. . . .

. . . .

DATED this 22th day of June, 2007.

**JABURG & WILK, P.C.**

/s/  Maria Crimi Speth
Maria Crimi Speth, Esq.
JABURG & WILK PC
3200 North Central Avenue
Suite 2000
Phoenix, Arizona 85012
(602) 248-1000
Attorneys for Defendants
*Pro Hac Vice* Application Pending

Jeffrey S. Seeburger
Texas State Bar No. 00788381
KANE RUSSELL COLEMAN
& LOGAN, P.C.
3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Tel: (214) 777-4275
Fax: (214) 777-4299

**Certificate of Service**

I hereby certify that on June 22, 2007, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

John T Cox, III
Lynn Tillotson & Pinker
750 N St Paul St
Suite 1400
Dallas, TX 75201
Attorneys for Plaintiff

6

Jeffrey Scot Seeburger
Kane Russell Coleman & Logan
3700 Thanksgiving Tower
1601 Elm St
Dallas, TX 75201
Attorneys for Defendant

With a COPY of the foregoing mailed this 22nd day of June, 2007, to:

Honorable Ed Kinkeade
U. S. District Court
Northern District of Texas
1100 Commerce Street
Room 1625
Dallas, Texas  75242-1003


/s/ Debra Gower

7