UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GW EQUITY, LLC, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | CIVIL ACTION |
| v. | § | |
| | § | No. 3-07-CV-0976-K |
| XCENTRIC VENTURES, LLC, | § | |
| WWW.RIPOFFREPORT.COM, | § | |
| WWW.BADBUSINESSBUREAU.COM, | § | |
| and EDWARD MAGEDSON, | § | |
| | § | |
| DEFENDANTS. | § | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' SUPPLEMENTAL BRIEF AND EVIDENCE IN OPPOSITION TO PLAINTIFF'S APPLICATION FOR PRELIMINARY INJUNCTION**

Plaintiff GW Equity, LLC ("GW Equity") files this opposition brief to the supplemental brief and evidence filed by Defendants Xcentric Ventures, LLC, www.ripoffreport.com, www.badbusinessbureau.com, and Edward Magedson (collectively, "Defendants") in opposition to GW Equity's application for preliminary injunction. In support of its response, GW Equity states the following:

### I. INTRODUCTION

**Fact:** GW Equity has never been a party to a $45 million settlement of a consumer class action anywhere in the United States.

Defendants do not and cannot dispute this fact in their supplemental submission. Nevertheless, Defendants continue to publish via the internet information they know is false, deceptive and irreparably damaging to GW Equity. Defendants' conduct is not fair, right or

OPPOSITION TO DEFENDANTS' SUPPLEMENTAL BRIEF AND EVIDENCE																			PAGE 1
IN OPPOSITION TO PLAINTIFF'S APPLICATION FOR PRELIMINARY INJUNCTION
02033-701/163715

Dockets.Justia.com

legal.  GW Equity's request for a preliminary injunction should be granted to prevent Defendant's defamatory and misleading conduct and publication.

## II.    ARGUMENT & AUTHORITIES

### A. GW Equity Has No Relationship to the Geneva Companies.

None of the supplemental evidence shows a corporate governance or parent/subsidiary relationship between GW Equity and the Geneva Companies.  Even though 10 of GW Equity's 330-plus employees are former employees of Geneva, this fact does not establish a legal or formal business relationship between the two entities.  *See* Exhibit A, United States Securities and Exchange Commission Filing by Citigroup (not listing GW Equity as a legal and formal business entity related to Citigroup).  Just because Deloitte employs some of Arthur Anderson's former employees today does not mean that Deloitte itself was convicted of Enron related crimes.  The existence of former Geneva employees at GW Equity is thus entirely unpersuasive.  Importantly, nothing in Defendants' evidence refutes, rebuts or draws into question the undisputed fact that GW Equity has never settled a $45 million consumer class action.  *See* Exhibit B, *Ereba Corporation v. The Geneva Companies, Inc.*, Case No. 815272 (Sup. Ct. Cal.) (First Amended Complaint filed Jan. 22, 2002).  That allegation published by Defendants is false, misleading and Defendants know that.  It should be taken down.

Similarly, the mere fact that GW Equity has an office in California means nothing.  GW Equity is an international service provider with 330 employees located in offices in 5 different states—Texas, California, Florida, Illinois and New York.  It is undisputed that (1) there is no legal or formal relationship between GW Equity and Geneva and (2) GW Equity has never been involved with a $45 million consumer class action settlement.

B. **Defendants' Arguments Regarding Great Western Business Are Immaterial.**

Great Western Business Services, Inc. was not at issue at the injunction hearing. Indeed, the damaging statements referred to on the posts on the Websites specifically mention the Geneva Companies, not Great Western Business Services. At no time was GW Equity ever owned, operated or affiliated with Great Western Business Services. Great Western Business Services is a company that John Binkley was affiliated with as an officer from 2001 to 2006. Great Western Business Services was sold on June 21, 2006. Great Western Business Services is in a separate market segment offering different services than GW Equity. There is no parent/subsidiary or joint ownership of or between GW Equity and Great Western Business Services.

### III.  CONCLUSION

Defendants' have done nothing to refute, question or dispute that the postings on Ripoffreport.com—particularly that GW Equity settled a $45 million consumer class action—are false and misleading. As a result, GW Equity's request for injunctive relief should be granted.

Dated: June 22, 2007               Respectfully submitted,


               _____/s/ John T. Cox III_____
               John T. Cox III
               Texas Bar No. 24003722
               **LYNN TILLOTSON & PINKER, L.L.P.**
               750 N. St. Paul Street, Suite 1400
               Dallas, Texas  75201
               (214) 981-3800 Telephone
               (214) 981-3839 Facsimile

               **ATTORNEY FOR PLAINTIFF
               GW EQUITY, LLC**

**CERTIFICATE OF SERVICE**

  The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the following counsel *via ECF* on this 22nd day of June, 2007.

| | |
|---|---|
| Maria Crimi Speth, Esq. | Jeffrey S. Seeburger |
| Jaburg & Wilk, PC | Kane Russell Coleman & Logan, P.C. |
| 3200 North Central Avenue, Suite 2000 | 3700 Thanksgiving Tower |
| Phoenix, Arizona 85012 | 1601 Elm Street |
| mcs@jaburgwilk.com | Dallas, TX 75201 |
| Tel: (602) 248-1000 | Tel: (214) 777-4200 |
| Direct: (602) 248-1089 | Direct: (214) 777-4275 |
| Fax: (602) 248-0522 | Fax: (214) 777-4299 |
| | jseeburger@krcl.com |

       ___*/s/ John T. Cox III*_____
       John T. Cox III