

1   Mark G. Lerner, Esq. (SBN 105966)
    LERNER & McDONALD
2   5 Hutton Centre Drive, Suite 1025
    Santa Ana, California 92707-8720
3   (714) 850-9000

4   Mark P. Robinson, Esq. (SBN 054426)
    Kevin F. Calcagnie, Esq. (SBN 108944)
5   Sharon J. Arkin, Esq. (SBN 154858)
    ROBINSON, CALCAGNIE & ROBINSON
6   620 Newport Center Drive, Seventh Floor
    Newport Beach, California 92660
7   (949) 720-1288

8   Attorneys for Plaintiff
    EREBA CORPORATION

9

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JAN 22 2002

ALAN SLATER, Clerk of the Court
BY O. MORENO

10        SUPERIOR COURT OF THE STATE OF CALIFORNIA

11        COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

12

13   EREBA CORPORATION, a California    CASE NO. 815272
    corporation suing in its corporate capacity and on
14   behalf of the general public,        Assigned For All Purposes To:
                             Honorable Judge Thierry P. Colaw
15          Plaintiffs,        Department C24

16    vs.

17   THE GENEVA COMPANIES, INC., a Delaware
    corporation; GENEVA CAPITAL MARKETS,    [~~~~~~~] FIRST AMENDED
18   INC., a California corporation; GENEVA    COMPLAINT FOR VIOLATION OF
    CORPORATE FINANCE, a California    CALIFORNIA BUSINESS AND
19   corporation; GENEVA BUSINESS SERVICES,    PROFESSIONS CODE SECTIONS 17200, ET
    INC., a California corporation; GENEVA    SEQ. AND SECTION 17500, ET SEQ.
20   CORPORATION, a California corporation;    (PRIVATE ATTORNEY GENERAL
    GENEVA MARKETING SERVICES, INC., a    ACTION)
21   California corporation; GENEVA BUSINESS
    RESEARCH CORPORATION, a California
22   corporation; GENEVA CONSULTING
    SERVICES, INC., a California corporation;
23   GENEVA GROUP, INC., a Delaware
    corporation; THE GENEVA COMPANIES,
24   INC., a Delaware corporation, formerly known as
    THE GENEVA COMPANIES, AN AFFILIATE
25   OF SALOMON SMITH BARNEY; GENEVA
    INTERNATIONAL LIMITED, a Delaware
26   corporation; GENEVA ACQUISITION SUB,
    LLC, a Delaware limited liability company;
27   GENEVA GROUP, LLC, a Delaware limited
    liability company; THE GENEVA COMPANIES,    Original Complaint Date:    October 4, 1999
28   LLC, a Delaware limited liability company;    Trial Date:                April 8, 2002

E:\ELL\GenevaComplaint\amendedcomplaint           FIRST AMENDED COMPLAINT

**EXHIBIT**

**B**
tabbies

ORIGINAL

Summons issued

THIS CASE HAS BEEN ASSIGNED TO CIVIL CASE MANAGEMENT EACH
PLEADING MUST INCLUDE THE ASSIGNED JUDGE AND DEPARTMENT
DESIGNATION AS SHOWN UNDER THE CASE NUMBER. ALL PARTIES MUST
COMPLY WITH THE ORANGE COUNTY SUPERIOR COURT RULES.

Dockets.Justia.com

| | |
|---|---|
| 1 | GENEVA II, LLC, a Delaware limited liability company; GENEVA CAPITAL MARKETS, |
| 2 | LLC, a Delaware limited liability company; GENEVA CORPORATE FINANCE, LLC, a |
| 3 | Delaware limited liability company; GENEVA BUSINESS RESEARCH LLC, a Delaware |
| 4 | limited liability company; GENEVA MARKETING SERVICES, LLC, a Delaware |
| 5 | limited liability company; and DOES 1 through 500, |
| 6 | |
| 7 | Defendants. |

8    Plaintiffs EREBA CORPORATION, a California corporation, (hereinafter "Plaintiff"), alleges

9  as follows:

10    1.    Plaintiff EREBA CORPORATION is a California corporation authorized to do business

11  in the State of California with its principal place of business in the County of Orange, State of

12  California.

13    2.    Plaintiff EREBA CORPORATION was formed to advance the interest of the general

14  public by Eliminating Real Estate Broker Abuse ("EREBA") and to stop unlawful, unfair, deceptive

15  and/or misleading business practices and is suing both in its corporate capacity and on behalf of the

16  general public.

17    3.    Plaintiff has also been assigned a claim for recovery from Donald Meneghetti, a party

18  improperly sued by one of the Defendants herein, who was not legally licensed at the time services were

19  provided or at the time the lawsuit was initiated, as alleged hereinbelow.

20    4.    Plaintiff hereby brings this cause of action as a private attorney general and on behalf

21  of the general public of the State of California pursuant to section 17200 et seq. and 17500 et seq. of

22  the Business and Professions Code of the State of California prohibiting unfair competition and

23  misleading advertising.

24    5.    Plaintiff is informed and believes and based thereon alleges that Defendant THE

25  GENEVA COMPANIES, INC. (hereinafter "OLD GENEVA") was a Delaware corporation with its

26  principal place of business in the City of Irvine, County of Orange, State of California.

27  ////

28  ////

E:\ELX\General\Complaint\amendedcomplaint                    **2**                    FIRST AMENDED COMPLAINT

6.  Plaintiff is informed and believes and based thereon alleges that in or about August 2000, The Geneva Companies, Inc., an Affiliate of Salomon Smith Barney, was formed and incorporated in the State of Delaware. Plaintiff is informed and believes and based thereon alleges that on or about December 18, 2000, The Geneva Companies, Inc., an Affiliate of Salomon Smith Barney was qualified to do business in the State of California and maintained the same principal place of business in the City of Irvine, County of Orange, State of California, as OLD GENEVA.

7.  Plaintiff is informed and believes and based thereon alleges that on or about February 1, 2001, OLD GENEVA voluntarily surrendered its right to transact business in the State of California.

8.  On or about February 21, 2001, The Geneva Companies, Inc., an Affiliate of Salomon Smith Barney changed its name to "THE GENEVA COMPANIES, INC." (hereinafter "NEW GENEVA"), with the exact same name as OLD GENEVA, was qualified to do business in the State of California and further maintains the same principal place of business in the City of Irvine, County of Orange, State of California, as was maintained by OLD GENEVA. Plaintiff is informed and believes and thereon alleges that Defendants continued to do business as "The Geneva Companies" after February 1, 2001 and thru February 21, 2001, and thereafter. Plaintiff was ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 500, and upon discovery of Defendant NEW GENEVA amended its complaint to name the true name and capacity of Defendants previously named as DOE 2 in this action.

9.  Plaintiff is informed and believes and thereon alleges that Defendant GENEVA CAPITAL MARKETS, INC. is, and at all times material hereto was, a California corporation with its principal place of business in the City of Irvine, County of Orange, State of California.

10.  Plaintiff is informed and believes and thereon alleges that Defendant GENEVA CORPORATE FINANCE is, and at all times material hereto was, a California corporation with its principal place of business in the City of Irvine, County of Orange, State of California.

11.  Plaintiff is informed and believes and thereon alleges that Defendant GENEVA BUSINESS SERVICES, INC., is, and at all times material hereto was, a California corporation with its principal place of business in the City of Irvine, County of Orange, State of California. Plaintiff is informed and believes and thereon alleges that prior to the filing of this lawsuit, Defendant GENEVA

E:\ELV\Geneva\Complaint\amendedcomplaint                        3                        FIRST AMENDED COMPLAINT

1  BUSINESS SERVICES, INC. was merged with and into Defendant GENEVA CORPORATE
2  FINANCE. .

3       12.    Plaintiff is informed and believes and thereon alleges that Defendant GENEVA
4  CORPORATION is, and at all times material hereto was, a California corporation with its principal
5  place of business in the City of Irvine, County of Orange, State of California.

6       13.    Plaintiff is informed and believes and thereon alleges that Defendant GENEVA
7  MARKETING SERVICES, INC., a subsidiary of GENEVA CORPORATION, is, and at all times
8  material hereto was, a California corporation with its principal place of business in the City of Irvine,
9  County of Orange, State of California.

10       14.    Plaintiff is informed and believes and thereon alleges that Defendant GENEVA
11  BUSINESS RESEARCH CORPORATION, a subsidiary of GENEVA CORPORATION, is, and at all
12  times material hereto was, a California corporation with its principal place of business in the City of
13  Irvine, County of Orange, State of California.

14       15.    Plaintiff is informed and believes and thereon alleges that Defendant GENEVA
15  CONSULTING SERVICES, INC., is, and at all times material hereto was, a California corporation with
16  its principal place of business in the City of Irvine, County of Orange, State of California.

17       16.    Plaintiff is informed and believes and thereon alleges that Defendant GENEVA
18  INTERNATIONAL LIMITED, is, and at all times material hereto was, a Delaware corporation with
19  its principal place of business in the City of Irvine, County of Orange, State of California.

20       17.    Subsequent to the filing of the original complaint herein, Plaintiff discovered that
21  Defendants had created another corporation entitled GENEVA GROUP, INC. Plaintiff was ignorant
22  of the true names and capacities of Defendants sued herein as DOES 1 through 500, and upon discovery
23  of Defendant GENEVA GROUP, INC., a corporation authorized to do business in the State of
24  California, amended its complaint to name the true name and capacity of Defendants previously named
25  as DOE 1 in this action.

26  ////
27  ////
28  ////

E:\EL\Geneva\Complaint\amendedcomplaint                4                    FIRST AMENDED COMPLAINT

18.    Plaintiff is informed and believes and thereon alleges that, at all times relevant to the facts alleged herein, Defendants OLD GENEVA, GENEVA CORPORATION, GENEVA CAPITAL MARKETS, INC., GENEVA CORPORATE FINANCE, GENEVA BUSINESS RESEARCH CORPORATION, GENEVA MARKETING SERVICES, INC., GENEVA CONSULTING SERVICES, INC., GENEVA INTERNATIONAL LIMITED, and GENEVA GROUP, INC. (collectively "the OLD GENEVA ENTITIES")   were inextricably intertwined with each of the other "Geneva Entities." Plaintiff is informed and believes and thereon alleges that the same officers, directors and/or shareholders controlled the OLD GENEVA ENTITIES, and each of them, and participated in the management and decision making of one another so as to exert control over the operations of each, that at all relevant times there existed a unity of interest, management, control, and ownership between the OLD GENEVA ENTITIES such that their individuality and their separate entities' identities, if any, no longer existed and that said Defendants were mere shells and instrumentalities conceived, intended and used by the OLD GENEVA ENTITIES as a device to avoid duties, obligations and/or liabilities arising out of their business transactions. By way of example, and not limitation, Plaintiff is informed and believes and thereon alleges that GENEVA GROUP, INC. was a holding company for each of the other OLD GENEVA ENTITIES; owning all or most of the shares of the other various OLD GENEVA ENTITIES. Furthermore, Plaintiff is informed and believes and thereon alleges that each of the OLD GENEVA ENTITIES engage in the same or substantially similar type of business - that of a business opportunity broker - and that there is a commingling of employees, resources, assets and a master bank account by and between and amongst the various OLD GENEVA ENTITIES.  Plaintiff is further informed and believes and thereon alleges that the procedure and tactic of organizing and maintaining several different OLD GENEVA ENTITIES was for the purpose of, among other things, attempting to circumvent licensing requirements, duties, obligations and/or liabilities, as hereinafter alleged. Plaintiff is informed and believes and thereon alleges that, at all relevant times, prospective and actual clients of Defendants believe that they were and are dealing with "Geneva," with no particular distinction between the various OLD GENEVA ENTITIES. Plaintiff is further informed and believes and thereon alleges that the recognition of the separate corporate entities of the OLD GENEVA ENTITIES in this circumstance would sanction a fraud and promote injustice and that each entity should be held jointly

1    and severally responsible for the acts and omissions of the other.

2        19.  ·  Plaintiff is informed and believes and thereon alleges that on or about February 1, 2001,

3    Defendant GENEVA GROUP, INC. was merged with and into GENEVA ACQUISITION SUB, LLC,

4    a Delaware limited liability company.  Plaintiff is informed and believes and thereon alleges that, at

5    some time after February 1, 2001, GENEVA ACQUISITION SUB, LLC changed its name to GENEVA

6    GROUP, LLC.

7        20.    Plaintiff is informed and believes and thereon alleges that on or about February 1, 2001,

8    a series of mergers of the OLD GENEVA ENTITIES into Delaware limited liability companies

9    occurred:

10        (a)    Defendant THE GENEVA COMPANIES, INC. was merged with and into THE

11               GENEVA COMPANIES, LLC, a Delaware limited liability company, which was a

12               direct subsidiary of GENEVA GROUP, LLC;

13        (b)    Defendant GENEVA CORPORATION was merged with and into GENEVA II LLC,

14               a Delaware limited liability company, which was a direct subsidiary of THE GENEVA

15               COMPANIES, LLC;      .              .    .    .   .

16        (c)    Defendant GENEVA CAPITAL MARKETS, INC. was merged with and into GENEVA

17               CAPITAL MARKETS, LLC, a Delaware limited liability company, which was a direct

18               subsidiary of THE GENEVA COMPANIES, LLC;

19        (d)    Defendant GENEVA CORPORATE FINANCE was merged with and into GENEVA

20               CORPORATE FINANCE, LLC, a Delaware limited liability company, which was a

21               direct subsidiary of GENEVA CAPITAL MARKETS, LLC;

22        (e)    Defendant GENEVA BUSINESS RESEARCH CORPORATION was merged with and

23               into GENEVA BUSINESS RESEARCH LLC, a Delaware limited liability company,

24               which was a direct subsidiary of GENEVA II LLC;

25        (f)    Defendant GENEVA MARKETING SERVICES, INC. was merged with and into

26               GENEVA MARKETING SERVICES, LLC, a Delaware limited liability company,

27               which was a direct subsidiary of GENEVA II LLC; and

28    ////

E:\EL\GenevaComplaint\amendedcomplaint                    6                    FIRST AMENDED COMPLAINT

(g)  On or about November 27, 2000, Defendant GENEVA CONSULTING SERVICES, INC. was merged with and into Defendant GENEVA INTERNATIONAL LIMITED, which later merged with and into OLD GENEVA on or about January 4, 2001, which was later merged into THE GENEVA COMPANIES, LLC as alleged above.

21.  Plaintiff is informed and believes and thereon alleges that Defendants GENEVA ACQUISITION SUB, LLC, THE GENEVA COMPANIES, LLC, GENEVA II LLC and GENEVA CAPITAL MARKETS, LLC (collectively the "MERGED ENTITIES") were, at all times relevant hereto, and are controlled by Citigroup. Upon the effectiveness of the mergers, the OLD GENEVA, ENTITIES disappeared into, and were survived by the MERGED ENTITIES. Immediately after the aforementioned mergers, and still on or about February 1, 2001, the MERGED ENTITIES transferred their operating assets to Citigroup Inc., who then immediately transferred those operating assets to Salomon Smith Barney Holdings, Inc., who immediately transferred those operating assets to Salomon Brothers Holding Company, Inc. who then immediately transferred those operating assets to NEW GENEVA. Plaintiff is informed and believes and thereon alleges that NEW GENEVA assumed all the duties and responsibilities of the OLD GENEVA ENTITIES, that were formerly compartmentalized under the various OLD GENEVA ENTITIES, and is currently conducting the business operations of the OLD GENEVA ENTITIES in the same, or substantially similar form and manner as was conducted prior to such mergers.

22.  Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 3 through 500, and therefore, sues the Defendants by those fictitious names. Plaintiff is informed and believes and thereon alleges that each of the DOE Defendants are responsible for the claims and damages alleged herein and each DOE Defendant is jointly and severally liable with all other Defendants. Plaintiff will amend this Complaint to allege the true names and capacities of DOES 3 through 500 when the same are ascertained.

23.  Plaintiff is informed and believes and thereon alleges that, at all times herein relevant, all Defendants, including the DOE Defendants, were the agents and/or employees of all the other Defendants and were at all times mentioned herein acting within the course and scope of that agency and/or employment.

1   24. .   Plaintiff has filed this action on behalf of all past, present and future clients and

2   customers of the OLD GENEVA ENTITIES and NEW GENEVA and for whom Defendants, and each

3   of them, purport to provide goods and services to such clients and customers for which licensure is

4   required; and on behalf of all members of the general public who are solicited to attend, and actually

5   attend various Geneva seminars and are subjected to Geneva advertising and promotional materials

6   nationally.  Plaintiff seek to represent the members of the general public only in equity and only for

7   violation of Business and Professions Code sections 17200 et seq. and 17500 et seq., also known as the

8   "Unfair Competition Law" ( the "UCL") prohibiting unlawful, unfair, deceptive and misleading business

9   practices and advertising.

10   25.   The business practices of Defendants, and each of them, amount to a highly developed

11   and well orchestrated program of deception which results in misleading small to medium-sized business

12   owners in California and across the United States.  The many acts and omissions of Defendants, and

13   each of them, which comprise this scheme may fall into one or more of three main categories of

14   practices of section 17200, et seq. of the California Business & Professions Code.  These categories,

15   explained in more detail below, are generally as follows: Marketing and Advertising Defendants' Goods

16   and Services; Advance Fee Arrangements; and Unfair Marketing Without Proper Licensure.

17   <u>MARKETING AND ADVERTISING GOODS AND SERVICES</u>

18   26.   Defendants, and each of them, advertise, market, and/or sponsor various seminars and

19   services, usually individually but sometimes in conjunction with other educational or for-profit groups,

20   to the general public for the purpose of enticing business owners to utilize Defendants' services.

21   27.   In the course of these seminars, Defendants, and each of them, promote a 12 Step

22   program, styled by Defendants as "The Geneva Advantage."  Material portions of "The Geneva

23   Advantage" program include (a) preparing an evaluation of a prospective client's business; (b) preparing

24   professional documentation regarding a client's business, including a Business Evaluation and a

25   Confidential Business Report; (c) assisting in exit planning and other personal needs of the principals

26   of prospective Geneva clients; (d) advertising the client's business for sale, utilizing primarily the

27   Confidential Business Report prepared for the client; (e) negotiating with prospective buyers; (f)

28   structuring a transaction between the Geneva client and a prospective purchaser of the client's business;

1    (g) preparation and review of letters of intent; (h) providing assistance to the client during the "due

2    diligence" period; and (i) assisting in closing the transaction. Since the formation of NEW GENEVA,

3    Defendants apparently promote a thirteen (13) step program which incorporates the aforementioned

4    twelve (12) step program and now includes investment of sales proceeds by Citigroup Inc. In sum,

5    Defendants promote themselves as "business opportunity brokers" as that term is commonly used under

6    California law.

7         28.     Plaintiff is informed and believes and thereon alleges that, prior to February 1, 2001, the

8    OLD GENEVA ENTITIES offered to the general public the services set forth in Paragraph 27 which

9    required the OLD GENEVA ENTITIES and their employees to be licensed in order to solicit and/or sell

10   business opportunities. Not only did the OLD GENEVA ENTITIES who solicited and/or sold business

11   opportunities fail to obtain the necessary licenses prior to February 1, 2001, the OLD GENEVA

12   ENTITIES also failed to designate their status as a licensed broker in their advertising and promotional

13   material which offered services that required licensure. In addition, prior to February 1, 2001, the OLD

14   GENEVA ENTITIES permitted, allowed and/or encouraged unlicensed employees and agents to

15   perform services on behalf of the OLD GENEVA ENTITIES, for which a license was required and the

16   OLD GENEVA ENTITIES paid commissions to employees for activities which required a license.

17   Furthermore, Plaintiff is informed and believes and thereon alleges that, to the extent that any of the

18   OLD GENEVA ENTITIES did possess a valid license, those OLD GENEVA ENTITIES failed to

19   adequately supervise the activities of its employees and agents for which a license is required and, in

20   essence, permit licensed activities to be performed by unlicensed persons. Therefore, many transactions

21   previously conducted by the OLD GENEVA ENTITIES were conducted in violation of law and without

22   the required licensure.

23         29.     Plaintiff is informed and believes and thereon alleges that NEW GENEVA recognized

24   that many of the employees of the OLD GENEVA ENTITIES were required to be licensed. Therefore,

25   as of February 1, 2001, some of the employees of Defendants, including NEW GENEVA obtained

26   licensing under securities laws and/or the California Department of Real Estate. Nevertheless, not all

27   of the employees and agents of Defendants, including NEW GENEVA, who are required to be licensed

28   actually possess the requisite licenses. These employees and agents who still lack licensure include,

1   but are not limited to, the individuals who speak at Geneva seminars in an effort to solicit business

2   opportunities. Therefore, many transactions conducted by NEW GENEVA were, and continue to be,

3   conducted by NEW GENEVA in violation of law and without the required licensure.

4        30.      Plaintiff is informed and believes and thereon alleges that, at all times relevant to the

5   facts alleged herein, Defendants, and each of them, engage in business practices which falsely advertise,

6   market and promise consumers in the State of California, and elsewhere throughout the United States,

7   through a complicated scheme of deceit, betrayal, violations of law and other unlawful, unfair, deceptive

8   and misleading business practices, inter alia, the following:

9        (a)     At the seminars and thereafter, clients and prospective clients are told by Defendants,

10               through their employees, agents and representatives, that Defendants only accept as

11               clients certain businesses who meet strict criteria established by Defendants, that

12               Defendants only do business with one out of every four prospective clients, and that

13               Defendants only take businesses that they can market and/or sell.  These are

14               misrepresentations of material facts which tend to mislead or deceive the client due to

15               the failure of Defendants to disclose other material information concerning (i) the lack

16               of any strict criteria of Defendants to determine whether a prospective client is

17               acceptable other than, primarily, whether or not the prospective client can pay the

18               commitment fee to Defendants; (ii) Defendants do not really reject 3 out of 4

19               prospective clients, instead, Defendants only get one out of 4 attendees as a client; and

20               (iii) Defendants are not selective in the clients they accept as Defendants sign up many

21               types of businesses which cannot be readily sold, such as home-based businesses,

22               service-based businesses, etc., and fail to disclose the difficulty in selling such

23               businesses.  These omissions of relevant information are designed for the primary

24               purpose of inducing clients to believe that, if they are fortunate enough to be accepted

25               by Defendants, that they should pay the "commitment fee" as hereinafter alleged;

26       (b)     At the seminars and thereafter, clients and prospective clients are told by Defendants,

27               through their employees, agents and representatives, that Defendants sell 80% or more

28               of those businesses that actually sign up with Defendants and "go to market" and that

E:\EL\Geneva\Complaint\amendedcomplaint                    10                        FIRST AMENDED COMPLAINT

1    the reason that most of the other people who don't sell is due to the seller changing his

2    mind. These are misrepresentations of material facts which tend to mislead or deceive

3    the client due to the failure of Defendants to disclose other material information

4    concerning the number of clients who engage Defendants and actually elect to "go to

5    market". Plaintiff is informed and believes and thereon alleges that less than thirty

6    percent (30%) of all clients who engage Defendants actually elect to "go to market".

7    This omission of relevant information is designed for the primary purpose of inducing

8    clients to pay the "commitment fee" as hereinafter alleged;

9    (c)    At the seminars and thereafter, clients and prospective clients are told by Defendants,

10    through their employees, agents and representatives, that for the sum of $37,000

11    (formerly $35,000), Defendants will provide the client with the entire twelve (12) step

12    process to sell the client's business. The $37,000 paid to Defendants is usually termed

13    an "investment fee" or "commitment fee" and is required to be paid in order to

14    demonstrate to Defendants and to buyers of businesses, that the client is serious about

15    marketing and selling the business. This misrepresentation of material fact tends to

16    mislead or deceive the client due to the failure of Defendants to disclose other relevant

17    information concerning the contract language that Defendants utilize in their agreements

18    with the clients. As more particularly alleged hereinafter, the "commitment fee" is

19    subsequently characterized in one of the writings presented to clients of Defendants only

20    as a consulting fee, all in an effort to avoid the appearance of an advance fee

21    arrangement. However, at the seminar and in follow-up meetings thereafter with

22    Defendants, through their employees, agents and representatives, clients are repeatedly

23    told that said payment is a "commitment fee" for the entire twelve (12) step process;

24    (d)    In their promotional materials and at the seminars and thereafter, clients and prospective

25    clients are told by Defendants, through their employees, agents and representatives, that

26    during the marketing process, in valuing a business for purposes of sale, a major

27    component of the valuing of a business is the *future value* and that Defendants are

28    uniquely qualified to "*sell the future*". These methods purportedly takes into account