UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GW EQUITY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 3-07 CV 0976-K |
| v. | ) | |
| | ) | |
| XCENTRIC VENTURES, LLC, *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF'S APPLICATION FOR PRELIMINARY INJUNCTION

Defendants XCENTRIC VENTURES, L.L.C. ("Xcentric") and ED MAGEDSON ("Magedson") respectfully submit the following Reply In Support of Defendants' Supplemental Brief in Opposition to Plaintiff's Application for Preliminary Injunction.

Plaintiff GW Equity, LLC ("GWE") continues to insist that despite clear statutory language and case law to the contrary, the actions of Defendants in legally hosting a website, somehow subjects Defendants to an extreme remedy such as a preliminary injunction. The Communications Decency Act, 47 U.S.C. § 230, as well as case law interpreting the same, specifically declares that Defendants are well within their rights to allow third parties to post statements on the Rip-Off Report website without imposing liability on Defendants for the statements made by those third parties.

Defendants have authored <u>no content</u> on the Rip-Off Report website regarding GWE. Indeed, GWE is well aware of at least one of the authors of those reports. The

10297-1/LAR/LAR/594826_v1

CDA imputes no liability to Defendants for the publication of statements by third parties, whether or not those statements are false and/or defamatory.[1]

Defendants submitted their Supplemental Brief as to Truth to call into question the veracity of GWE's statements made to the Court in support of its Application for Preliminary Injunction. Defendants only had a very short period of time to gather evidence demonstrating the connection between GWE and the Geneva Companies. Despite only having a scant few days to do so, and despite there being no formal discovery on this issue, Defendants did learn that there is a link between the two companies. Furthermore, although GWE attempts to downplay the connection as being merely a few "employees," the individuals provided to the Court in demonstration of the connection between GWE and the Geneva Companies were in fact managing executives, not mere "employees." The overlap in executives between Geneva and GWE, although at this point not necessarily conclusive, should still raise serious questions for this Court as to whether GWE will ever be able to prove the falsity of the assertions on Rip-Off Report that Geneva and GW equity are part of the same "enterprise." Simply because one element of a statement may be factually incorrect does not mean that the overall theory of the assertions made on Rip-Off Report are untrue.

Similarly, the information provided to the Court about the connection between GWE and Great Western Business Services, Inc. goes directly to the reliability of Plaintiff. GWE is asking that the Court take it at its word that the statements made on the

---

[1] Defendants make no presumption as to the truth or falsity of any reports posted on the ROR Site. However, as discussed in previous briefings to the Court, anyone who posts any report on the ROR Site is obligated to sign a statement confirming the truth of those reports. Barring any conclusive evidence to the contrary, which Plaintiff has yet to present, Defendants, as a matter of principle, must believe that the individual who supplied the original report did so in good faith.

2

10297-1/LAR/LAR/594826_v1

Rip-Off Report website are "false" and are "injurious."  Defendants respectfully request that the Court take note that GWE's word should not be taken at face value in light of the previous representation made by GWE that they had no relationship or affiliation with Great Western.

Absent proof of falsity of the statements made on Rip-Off Report, GWE cannot prove to this Court a substantial likelihood of success on the merits, and therefore GWE's Application for Preliminary Injunction should be <u>denied</u>.

DATED this 25th day of June, 2007.

**JABURG & WILK, P.C.**

/s/  Maria Crimi Speth
Maria Crimi Speth, Esq.
JABURG & WILK PC
3200 North Central Avenue
Suite 2000
Phoenix, Arizona 85012
(602) 248-1000
Attorneys for Defendants
*Pro Hac Vice*

/s/  Jeffrey S. Seeburger
Jeffrey S. Seeburger
Texas State Bar No. 00788381
KANE RUSSELL COLEMAN
& LOGAN, P.C.
3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Tel: (214) 777-4275
Fax: (214) 777-4299

## Certificate of Service

I hereby certify that on June 25, 2007, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

> John T Cox, III
> Lynn Tillotson & Pinker
> 750 N St Paul St
> Suite 1400
> Dallas, TX 75201
> Attorneys for Plaintiff
>
> Jeffrey Scot Seeburger
> Kane Russell Coleman & Logan
> 3700 Thanksgiving Tower
> 1601 Elm St
> Dallas, TX 75201
> Attorneys for Defendant

With a COPY of the foregoing mailed this 25th day of June, 2007, to:

> Honorable Ed Kinkeade
> U. S. District Court
> Northern District of Texas
> 1100 Commerce Street
> Room 1625
> Dallas, Texas  75242-1003

/s/ Debra Gower

4