UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GW EQUITY, LLC, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | CIVIL ACTION |
| v. | § | |
| | § | No. 3-07-CV-0976-K |
| XCENTRIC VENTURES, LLC, | § | |
| WWW.RIPOFFREPORT.COM, | § | |
| WWW.BADBUSINESSBUREAU.COM, | § | |
| and EDWARD MAGEDSON, | § | |
| | § | |
| DEFENDANTS. | § | |

## GW EQUITY'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE HEARSAY CONTAINED IN THE AFFIDAVIT OF RYAN BINKLEY AND SUPPLEMENTAL AFFIDAVIT OF RYAN BINKLEY

Plaintiff GW Equity ("GW Equity") responds in opposition to Defendants Xcentric Ventures, LLC's and Edward Magedson's (collectively, "Defendants") motion to strike statements contained in the Affidavit of Ryan Binkley ("Binkley Affidavit") and the Supplemental Affidavit of Ryan Binkley ("Supplemental Binkley Affidavit") as follows:

### ARGUMENT & AUTHORITIES

The Court should reject Defendants' motion to strike in its entirety. Defendants' hearsay objections to the statements contained in the Binkley Affidavit and the Supplemental Binkley Affidavit lack any merit. The law is well-settled that because the procedures governing a preliminary injunction are generally less formal than those at trial, the court may rely upon otherwise inadmissible evidence when considering a preliminary injunction. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("[A] preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on

GW EQUITY'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE
HEARSAY CONTAINED IN THE AFFIDAVIT OF RYAN BINKLEY AND
SUPPLEMENTAL AFFIDAVIT OF RYAN BINKLEY                                                                     PAGE 1

Dockets.Justia.com

the merits."); *Sierra Club, Lone Star Chapter v. Federal Deposit Ins. Corp.*, 992 F.2d 545, 551 (5th Cir. 1993) ("[A]t the preliminary injunction stage, the procedures in the district court are less formal, and the district court may rely on otherwise inadmissible evidence . . . ."). In particular, a court can rely on affidavits containing hearsay to order the preliminary injunction. *See Texas Commerce Bank Nat'l Ass'n v. State of Florida*, No. 3:96-CV-2814-G, 1997 WL 181532, at *4 (N.D. Tex. Apr. 9, 1997) (in deciding whether to grant a preliminary injunction, "the court may rely on hearsay evidence may even give inadmissible evidence some weight"), *aff'd*, 138 F.3d 179 (5th Cir. 1998).

Here, GW Equity submitted both the Binkley Affidavit and the Supplemental Binkley Affidavit in support of its application for injunctive relief. The statements Defendants object to relate to the immediate and irreparable harm GW Equity is experiencing due to the false and misleading statements on Defendants' Websites. *See* Binkley Affidavit ¶ 16; Supplemental Binkley Affidavit ¶ 4. Regardless of whether or not these statements are actually hearsay, they are precisely the kind this Court is allowed to take into account at this stage of the litigation. *See* 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2949 at 471 ("[I]nasmuch as the grant of preliminary injunction is discretionary, the trial court should be allowed to give even inadmissible evidence some weight when it is thought advisable to do so in order to serve the *primary purpose of preventing irreparable harm before a trial can be held . . . .*") (emphasis added). Therefore, because this Court is permitted to give weight to otherwise inadmissible evidence when considering an application for a preliminary injunction, Defendants' motion to strike the statements contained in the Binkley Affidavit and the Supplemental Binkley Affidavit should be denied.

**CONCLUSION**

For the reasons state above, GW Equity requests that the Court deny Defendants' motion to strike Paragraph 16 in the Affidavit of Ryan Binkley and Paragraph 4 in the Supplemental Affidavit of Ryan Binkley.

Dated: June 25, 2007                    Respectfully submitted,

*/s/ John T. Cox III*_____
John T. Cox III
Texas Bar No. 24003722
**LYNN TILLOTSON & PINKER, L.L.P.**
750 N. St. Paul Street, Suite 1400
Dallas, Texas 75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile

**ATTORNEY FOR PLAINTIFF
GW EQUITY, LLC**

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the following counsel *via ECF* on this 25th day of June, 2007.

| | |
|---|---|
| Maria Crimi Speth, Esq. | Jeffrey S. Seeburger |
| Jaburg & Wilk, PC | Kane Russell Coleman & Logan, P.C. |
| 3200 North Central Avenue, Suite 2000 | 3700 Thanksgiving Tower |
| Phoenix, Arizona 85012 | 1601 Elm Street |
| mcs@jaburgwilk.com | Dallas, TX 75201 |
| Tel: (602) 248-1000 | Tel: (214) 777-4200 |
| Direct: (602) 248-1089 | Direct: (214) 777-4275 |
| Fax: (602) 248-0522 | Fax: (214) 777-4299 |
| | jseeburger@krcl.com |

*/s/ John T. Cox III*_____
John T. Cox III