IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GW EQUITY, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| V. | § | |
| | § | 3:07-CV-0976-K |
| XCENTRIC VENTURES, LLC, et al | § | |
| | § | |
| Defendants. | § | |
| | § | |

## **ORDER**

Before the Court are the following motions:

(1)  Plaintiff GW Equity, LLC's ("Plaintiff") Application for Injunctive Relief (Doc. No. 1);

(2)  Plaintiff's Motion for Leave to File Supplemental Brief (Doc. No. 6);

(3)  Plaintiff's Motion to Substitute Service of Process for Edward Magedson (Doc. No. 10);

(4)  Plaintiff's Motion to Strike Declaration of Edward Magedson (Doc. No. 13);

(5)  Plaintiff's Second Motion for Leave to Supplement Application for Emergency Injunctive Relief and Reply in Support of Emergency Application for Injunctive Relief with Additional Evidence (Doc. No. 15); and

(6)  Defendants Xcentric Ventures, L.L.C. ("Xcentric") and Ed Magedson's

("Magedson")(collectively "Defendants") Motion to Strike Hearsay Contained in the Affidavit of Ryan Binkley and Supplemental Affidavit of Ryan Binkley (Doc. No. 20).

The Court's Order dated June 6, 2007 specifically stated that no additional evidence could be filed in support of its application; accordingly, the Court **DENIES** Plaintiff's motion for leave to file a supplemental brief.  For the same reasons, the Court **DENIES** Plaintiff's second motion for leave to file additional evidence.  Because Defendant accepted service during the preliminary injunction hearing, the Court **DENIES** Plaintiff's Motion to Substitute Service as moot.

The Court did not consider Edward Magedson's ("Magedson") Declaration in deciding whether to grant or deny Plaintiff's application for preliminary injunctive relief; therefore, the Court **DENIES** Plaintiff's motion to strike Magedson's declaration as moot.  Similarly, the Court did not consider Ryan Binkley's Affidavit or Supplment in deciding whether to grant or deny Plaintiff's application for preliminary injunctive relief; therefore, the Court **DENIES** Defendants' motion to strike as moot.

With respect to Plaintiff's application for preliminary injunctive relief, the Court finds that the relief requested is not warranted because Plaintiff has failed to satisfy all the requirements necessary to obtain a preliminary injunction.  The Court, therefore, **DENIES** Plaintiff's application.  The Court's decision concerning the preliminary injunction is not a decision on the merits of the underlying case, however, and the

following findings and conclusions are not binding at a trial on the merits. *University of Tex. v. Camenisch*, 451, U.S. 390, 395 (1981).

I.  **Factual and Procedural Background**

Plaintiff is a mergers and acquisition firm with over three hundred professional advisors. Plaintiff consults middle-market business owners that are seeking to sell or merge their business. Plaintiff conducts educational conferences or seminars to instruct business owners on how and when to sell private middle-market businesses for maximum value.

Magedson is the Manager of Xcentric. Defendants own and operate websites located at [www.ripoffreport.com](www.ripoffreport.com) and [www.badbusinessbureau.com](www.badbusinessbureau.com). Defendants' websites operate as a consumer complaint forum allowing consumers to publish and post alleged fraudulent and deceptive business practices. These websites purport to expose companies and individuals who "ripoff" customers. Through their Consumer Advocacy Program, Defendants offer companies which are the subject of such complaints an opportunity to rebut the consumers' claims for various fees.

Plaintiff filed its Original Complaint for Damages and Emergency Application for Injunctive Relief against Defendants on June 1, 2007. Plaintiff claims that as early as November 2006, Defendants published false, misleading, disparaging and defamatory statements about Plaintiff on their websites. Accordingly, Plaintiff asserts the following causes of action: (1) Defamation and Libel, (2) Interference with Business Relationships,

(3) Texas Business Disparagement, (4) Civil Conspiracy, and (5) Violation of the Racketeer Influenced and Corrupt Organizations Act (RICO). To support its causes of action, Plaintiff alleges that Defendants exercise editorial control over the content on the websites by including additional language in the "Rip-off-Reports," such as "ripoff," and "fraud" and "scam" to imply that the company named in the report is "ripping off" the consumer. Further, Plaintiff alleges that Defendants edit, alter, change and create report names and identities to improve and enhance search engine results regarding GW Equity.

In this Court's Order dated June 6, 2007, the Court denied Plaintiff's request for an *ex parte* Temporary Restraining but set Plaintiff's preliminary injunction application for a hearing. On June 14, 2007, the Court conducted the hearing to determine the Plaintiff's application for preliminary injunction. To avoid waiving the defense for lack of personal jurisdiction by appearing at the preliminary injunction, Defendants raised the defense in their Opposition to Plaintiff's Application for Injunctive Relief. Defendants have filed a motion to dismiss for lack of personal jurisdiction, and the Court will determine whether it has personal jurisdiction over Defendants by separate order.

II.   **Analysis**

To obtain a preliminary injunction, Plaintiff must show (1) a substantial likelihood that it will prevail on the merits, (2) a substantial threat that Plaintiff will

suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to Plaintiff outweighs the threatened harm the injunction may do to Defendants, and (4) that granting the preliminary injunction will not disserve the public interest.  *See Harris County v. Carmax Auto Superstores, Inc.*, 177 F.3d 306, 312 (5th Cir. 1999); *Miss. Power & Light Co. v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir. 1985).  The decision to grant or deny a preliminary injunction is left to the sound discretion of the district court.  A preliminary injunction is an extraordinary remedy which should only be granted if the movant, Plaintiff in this case, has carried his burden of persuasion on all of the four factors.  *Mississippi Power & Light*, 760 F.2d at 621.  Applying the four factors, the Court has determined that Plaintiff is not entitled to injunctive relief.

Specifically, the Court concludes that monetary damages would adequately compensate any injury resulting from the alleged defamatory statements posted on Defendants' websites.  Where money damages adequately compensate the aggrieved party, no irreparable injury exists.  *DFW Metro Line Serv. v. Southwestern Bell Telephone*, 901 F.2d 1267, 1269 (5th Cir. 1990).  Plaintiff is required to show that any loss can not be measured in money damages even if the pecuniary injury is difficult to calculate.  *Millennium Restaurants Group, Inc. v. City of Dallas,* 181 F.Supp.2d 659, 666 (N.D. Tex. 2001).  Because Plaintiff has merely argued that it will lose customers and goodwill as a result of Defendants' alleged defamatory statements, Plaintiff has failed to show it would suffer irreparable injury in this case.  *Id.*  The Court concludes Plaintiff has not

carried its burden of proving irreparable harm particularly in light of the fact a preliminary injunction is such an extraordinary remedy.

## III. Conclusion

Because the Court's Order dated June 6, 2007 specifically stated that no additional evidence could be filed in support of its application, the Court **DENIES** Plaintiff's motions to file additional evidence in support of its application for injunctive relief. Defendants accepted service during the preliminary injunction hearing; therefore, the Court **DENIES** Plaintiff's Motion to Substitute Service as moot. Because the Court did not consider Magedson's Declaration in deciding whether to grant or deny Plaintiff's application for preliminary injunctive relief, the Court **DENIES** Plaintiff's motion to strike Magedson's declaration as moot. The Court also **DENIES** Defendants' motion to strike Binkley's affidavit as moot because the Court did not consider it in deciding to grant or deny Plaintiff's application. The Court **DENIES** Plaintiff's application for preliminary injunctive relief because Plaintiff has failed to establish all the requisite factors.

**SO ORDERED.**

Signed June 27th, 2007.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE