ORIGINAL

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

## AFFIDAVIT OF SERVICE

GW Equity, LLC

vs.   CASE NO.: 3:07CV0976-K

Xcentric Ventures LLC, et al

STATE OF CONNECTICUT
COUNTY OF NEW HAVEN   ss.

U.S. DISTRICT COURT
NORTHERN DISTRICT OF
FILED
JUL 24 2007
CLERK, U.S. DISTRICT COURT
By _____

**Kevin Farina**, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of twenty-one and not a party to this action.

That on **07/17/2007** at **4:15 PM**, Deponent served the within named **Time Warner Cable, Inc. c/o Legal Department** by delivering a true copy of the **Subpoena; Exhibit "A"** to **Amanda Brown, Legal**, a person authorized to accept service on behalf of **Time Warner Cable, Inc. c/o Legal Department**.
Said service was effected at **290 Harbor Drive, Stamford, CT 06902**.

Description:
**Sex: Female – Age: 40 – Skin: Black – Hair: Black – Height: 5'7 – Weight: 155**
Other Features:

To the best of my knowledge and belief, said person was not engaged in the U.S. Military at the time of service.

The undersigned declares under penalty of perjury that the foregoing is true, correct and my free act and deed.

X  Kevin Farina
Kevin Farina

Sworn to and subscribed before me this 18 day of July, 2007 by an affiant who is personally known to me or produced identification.

S. Tomkowski
NOTARY PUBLIC
My Commission Expires: _____

Date: 7/18/07

Client File#: **1980247** – Our File# **31551**

STEPHEN TOMKOWSKI
*NOTARY PUBLIC*
My Commission Expires Aug. 31, 2011

☐AO88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| GW EQUITY, LLC, | SUBPOENA IN A CIVIL CASE |
|---|---|
| V. | Case Number:[1] **3:07CV0976-K**<br>Northern District Of Texas<br>Dallas Division |
| XCENTRIC VENTURES, LLC,<br>WWW.RIPOFFREPORT.COM,<br>WWW.BADBUSINESSBUREAU.COM,<br>and EDWARD MAGEDSON | |

TO:  Legal Department
Time Warner Cable Inc.
290 Harbor Drive
Stamford, Connecticut 06902-7441

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

√ YOU ARE COMMANDED to produce and permit inspection and copying of the following Documents or objects at the place, date, and time specified below (list Documents or objects):

*See* **Attached Exhibit A.**

| PLACE<br>Lynn Tillotson & Pinker, LLP<br>750 N. St. Paul Street, Suite 1400, Dallas, Texas 75201<br>(214) 981-3800 Telephone; (214) 981-3839 Facsimile | DATE AND TIME<br><br>**August 6, 2007** |
|---|---|

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

| ISSUING OFFICER'S SIGNATURE AND TITLE:<br><br>*[signature]* Attorney for Plaintiff | DATE<br><br>**July 16, 2007** |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:
Angela V. Colmenero
Lynn Tillotson & Pinker, LLP
750 N. St. Paul Street, Suite 1400, Dallas, Texas 75201
(214) 981-3800 Telephone; (214) 981-3839 Facsimile

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

**ORIGINAL**

---

PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

**\*\* SEE ATTACHED \*\***
**\*\*\* AFFIDAVIT \*\*\***

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.