UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GW EQUITY, LLC,** § | | |
| § | | |
| **PLAINTIFF,** § | | |
| § | **CIVIL ACTION** | |
| v. § | | |
| § | **No. 3-07-CV-0976-K** | |
| **XCENTRIC VENTURES, LLC,** § | | |
| **WWW.RIPOFFREPORT.COM,** § | | |
| **WWW.BADBUSINESSBUREAU.COM,** § | | |
| **and EDWARD MAGEDSON,** § | | |
| § | | |
| **DEFENDANTS.** § | | |

## GW EQUITY'S EMERGENCY MOTION FOR EXPEDITED PROCEEDINGS

Plaintiff GW Equity ("GW Equity") files this motion to expedite the trial on the merits and to expedite all pretrial proceedings in this case. In support of its motion, GW Equity states the following:

### ARGUMENT & AUTHORITIES

GW Equity seeks to expedite these proceedings in the lawsuit it filed against Defendants Xcentric Ventures, LLC's, www.ripoffreport.com, www.badbusinessbureau.com, and Edward Magedson's (collectively, "Defendants") alleging claims of defamation, business disparagement, tortious interference, civil conspiracy, and violations of RICO. GW Equity seeks an order from this Court that would require the completion of discovery by September 28, 2007 and a trial beginning on November 5, 2007. Expedited proceedings are necessary in this case because GW Equity continues to suffer irreparable harm due to the false and misleading statements that remain on Defendants' Websites. GW Equity has no ability to monitor who visits the Websites

and reads the false and misleading postings. An expedited trial on the merits will thus benefit GW Equity and allow this Court to quickly resolve the issues pending before it.

## I.    **Expedited Trial Is Warranted**

It is well-settled that district courts possess the inherent power "to manage their own affairs to facilitate the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also* FED. R. CIV. P. 1 (stating that the Federal Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action"). Indeed, the Fifth Circuit has specifically found that there are circumstances which call for an expedited trial on the merits. *See, e.g., Lakedreams v. Taylor*, 932 F.2d 1103, 1110 (5th Cir. 1991) (the "district court is urged to expedited the trial on the merits"); *Allied Mktg. Group, Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 810 n.1 (5th Cir. 1989) (noting that it is frequently desirable to accelerate a trial on the merits after a preliminary injunction has been granted).

Since denying GW Equity's request for a preliminary injunction on June 27, 2007, the Court has not entered an order setting a trial date. Because GW Equity continues to suffer irreparable injury in the form of lost customers and goodwill everyday that the false and misleading statements remain on Defendants' Websites, GW Equity requests that this Court schedule an expedited trial on the merits. Expedited disposition is necessary here to ensure the just and speedy resolution of this litigation, which is in GW Equity's best interest. Without an expedited trial on the merits, GW Equity's reputation will be forced to suffer at the hands of Defendants even more than it already has. Moreover, any damages GW Equity has against Defendants will continue to grow at an exponential rate if the Court delays the proceedings any further. Thus, it is clear that the benefit of ordering expedited proceedings in this case far outweighs any burden on Defendants. Defendants will not be prejudiced by an expedited trial

setting as the legal issues involved in this case are well-settled and there will likely be a small number of witnesses. Accordingly, GW Equity requests that the Court's power be used here to set an expedited trial no later than ninety days from the date this Court enters an order granting the instant motion.

## II.     Expedited Discovery Is Warranted

In order to facilitate the parties' preparation for trial, GW Equity requests that this Court enter an order allowing the parties to conduct expedited discovery. Courts routinely recognize the need to adjust discovery schedules as a result of expediting trial. *See Crawford-El v. Britton*, 523 U.S. 574, 599 (1998) ("The judge can therefore manage the discovery process to facilitate prompt and efficient resolution of the lawsuit . . . ."); *Ellsworth Assoc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996) (finding that plaintiffs were entitled to expedited discovery where the discovery they sought was related to claims and would expedite the resolution of the claims). A plaintiff who seeks an order granting expedited discovery is required to show good cause and reasonableness. *See Pod-Ners, LLC v. Northern Feed & Bean*, 204 F.R.D. 675, 676 (D. Colo. 2002).

In the instant case, GW Equity has demonstrated good cause for expedited discovery and its request is reasonable. At the preliminary injunction hearing, Defendants admitted to this Court that even if the statements posted on the Websites were false and misleading, they would not remove those postings from the Websites. *See* June 14, 2007 Hearing Transcript p. 34, 7-15. Thus, the Defendants' failure to remove the false and misleading statements on the Websites has resulted in massive harm to GW Equity and the damages it has suffered continue to grow at an exponential rate. This, in and of itself, is sufficient good cause to allow for expedited discovery. Additionally, the discovery GW Equity seeks will not be unreasonable or burdensome. GW

Equity expects to "request[] the production of documents . . . which already exist" and for the requests it makes to be "reasonable in scope." *Pod-Ners*, 204 F.R.D. at 676. GW Equity also expects to call a very limited number of witnesses at trial. Thus, expediting discovery here is both necessary and appropriate under the circumstances and this Court should allow the parties to proceed with discovery as soon as practicable.

## CONCLUSION

For the reasons state above, GW Equity requests that the Court grant its motion for expedited proceedings.

Dated: July 27, 2007                               Respectfully submitted,


*/s/ John T. Cox III*_____
John T. Cox III
Texas Bar No. 24003722
**LYNN TILLOTSON & PINKER, L.L.P.**
750 N. St. Paul Street, Suite 1400
Dallas, Texas 75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile

**ATTORNEY FOR PLAINTIFF
GW EQUITY, LLC**

## CERTIFICATE OF CONFERENCE

Counsel for GW Equity contacted counsel for Defendants to determine whether they oppose the relief requested in this motion. As of the time of filing this motion, counsel for Defendants have not responded to counsel for GW Equity's request. Because counsel for GW Equity has not received a response, this motion should be construed as opposed

Certified to this 27th day of July, 2007.

/s/ *John T. Cox III*_____
John T. Cox III

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the following counsel *via ECF* on this 27th day of July, 2007.

| | |
|---|---|
| Maria Crimi Speth, Esq. | Jeffrey S. Seeburger |
| Jaburg & Wilk, PC | Kane Russell Coleman & Logan, P.C. |
| 3200 North Central Avenue, Suite 2000 | 3700 Thanksgiving Tower |
| Phoenix, Arizona 85012 | 1601 Elm Street |
| mcs@jaburgwilk.com | Dallas, TX 75201 |
| Tel: (602) 248-1000 | Tel: (214) 777-4200 |
| Direct: (602) 248-1089 | Direct: (214) 777-4275 |
| Fax: (602) 248-0522 | Fax: (214) 777-4299 |
| | jseeburger@krcl.com |

*/s/ John T. Cox III*_____
John T. Cox III