UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GW EQUITY, LLC, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO. |
| | ) 3-07 CV 0976-K |
| v. | ) |
| | ) |
| XCENTRIC VENTURES, LLC, *ET AL.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT XCENTRIC VENTURES, L.L.C.'S
OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED PROCEEDINGS**

Defendants Xcentric Ventures, LLC ("Xcentric") and Ed Magedson ("Magedson") (collectively, "Defendants") oppose Plaintiff GW Equity, LLC's ("Plaintiff") Motion for Expedited Proceedings on the basis that the schedule proposed by Plaintiff continues Plaintiff's pattern of styling routine matters to this Court as an "emergency" in an attempt to prejudice Defendants' ability to defend themselves.

Plaintiff has alleged numerous claims against Defendants, including such fact-intensive claims as defamation, business disparagement, and RICO violations. Additionally, Plaintiff has requested monetary damages that could conservatively reach into the millions of dollars if such damages are proven. Regardless of the complexity of each cause of action alleged by Plaintiff, and the complete lack of discovery which has begun in this action, Plaintiffs are now requesting that discovery be <u>completed</u> by September 28, 2007. Keeping in mind that this Court only ruled on Defendants' Motion to Dismiss on August 7, 2007, even if discovery began that very same

10297-1/LAR/LAR/604081_v1

day, that would only allow Defendants thirty-seven business days to begin and complete all collection of documents, identification and deposition of witnesses, and all other tasks pertaining to discovery.  Such a heightened schedule, absent any true emergency, is simply too aggressive to allow.

In filing their Motion, Plaintiffs are attempting to re-litigate an issue which they have already lost on – the so-called "emergency" nature of their action.  As this Court must recall, Plaintiffs filed an "Emergency Application for Injunctive Relief" on or around June 8, 2007.  This Court held a hearing on Plaintiff's Application for Preliminary Injunction on June 14, 2007.  On June 27, 2007, the Court issued an Order <u>denying</u> Plaintiff's Application for Preliminary Injunction and finding that no irreparable injury existed for Plaintiff.  Yet in their present Motion, Plaintiff asks the Court to change its mind on the very same issue, arguing "GW Equity continues to suffer irreparable harm."  *See* GW Equity's Emergency Motion for Expedited Proceedings, pp.1 and 2.  This Court has already made the determination that no such irreparable harm exists.

Even if the Court had not made a previous ruling determining that Plaintiff is not suffering any irreparable injury, it should be clear from the lack of factual support in Plaintiff's Motion that no such injury exists.  Other than the bald statements made by Plaintiff that it is "suffering," to date Plaintiff has not yet offered any evidence to support such an affliction.  So that Defendants are not prejudiced by Plaintiff's tendencies to present unsupported allegations, Defendants must be afforded an opportunity to formulate their defenses.  However, Defendants are unable to formulate any true defenses without knowing the claims and damages of Plaintiff.  It is the obligation of Plaintiff to disclose its theories of liabilities and all of the facts supporting these theories.  Until such a disclosure is made, Defendants are clearly unable to defend against any of the as-yet undefined "claims" against them.

2

Defendants are particularly confused with Plaintiff's assertion that "Defendants will not be prejudiced by an expedited trial setting as the legal issues involved in this case are well-settled and there will likely be a small number of witnesses." *See* Motion, pp. 2-3. Such a statement is absolutely absurd! Plaintiff has alleged some extremely serious and fact-intensive claims against Defendants. Each claim in and of itself will require a vast number of hours to perform discovery about. Defendants' main defense is the Communications Decency Act, which is supported by Defendants' factual evidence that they did not author the allegedly defamatory statements. However, unless Plaintiff agrees to bifurcate discovery, Defendants must also conduct complicated and fact intensive discovery into the truth of the matters asserted. A similarly complex issue to defend against is Plaintiff's two claims for violations of the federal RICO statute. Since Plaintiff has not yet filed a RICO Case Statement, as required by the statute, Defendants cannot even begin to formulate an adequate defense to Plaintiff's claims because they cannot possibly understand the exact nature of Plaintiff's claims. Although Plaintiff may believe that the discovery it seeks "will not be unreasonable or burdensome," Defendants cannot make the same promise for the information necessary to formulate their defenses.

For the reasons stated herein, Defendants respectfully request that the Court <u>deny</u> the Emergency Motion for Expedited Proceedings requested by Plaintiff GW Equity.

. . . .

. . . .

. . . .

DATED this 13th day of August, 2007.

                **JABURG & WILK, P.C.**

                /s/ Maria Crimi Speth
                Maria Crimi Speth, Esq.
                JABURG & WILK PC
                3200 North Central Avenue
                Suite 2000
                Phoenix, Arizona 85012
                (602) 248-1000
                Attorneys for Defendants
                *Admitted Pro Hac Vice*

                Jeffrey S. Seeburger
                Texas State Bar No. 00788381
                KANE RUSSELL COLEMAN
                & LOGAN, P.C.
                3700 Thanksgiving Tower
                1601 Elm Street
                Dallas, Texas 75201
                Tel: (214) 777-4275
                Fax: (214) 777-4299

**Certificate of Service**

I hereby certify that on August 13, 2007, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

John T Cox, III
Lynn Tillotson & Pinker
750 N St Paul St
Suite 1400
Dallas, TX 75201
Attorneys for Plaintiff

4

Jeffrey Scot Seeburger
Kane Russell Coleman & Logan
3700 Thanksgiving Tower
1601 Elm St
Dallas, TX 75201

With a COPY of the foregoing mailed this 13th day of August, 2007, to:

Honorable Ed Kinkeade
U. S. District Court
Northern District of Texas
1100 Commerce Street
Room 1625
Dallas, Texas  75242-1003

/s/ Debra Gower

5

10297-1/LAR/LAR/604081_v1