UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION


| | | |
|---|---|---|
| GW EQUITY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 3-07 CV 0976-K |
| v. | ) | |
| | ) | |
| XCENTRIC VENTURES, LLC, *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | |


## ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT FOR DAMAGES

Defendants Xcentric Ventures, LLC ("Xcentric") and Ed Magedson ("Magedson") (collectively, "Defendants") hereby submit the following Answer to Plaintiff GW Equity, LLC's ("Plaintiff") Original Complaint for Damages and Emergency Application for Injunctive Relief filed on June 1, 2007 (the "Complaint").

1.     Defendants admit there is complete diversity of jurisdiction of citizenship. Defendants deny all remaining allegations contained in Paragraph 1 of the Complaint.

2.     Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3.     Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4.     Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 4 of the Complaint and therefore deny the same.

5.      Defendants admit that Xcentric is a limited liability company organized under the laws of the State of Arizona.  Defendants admit that Xcentric operates the website known as "The Rip-Off Report" that can be accessed at www.ripoffreport.com and www.badbusinessbureau.com (the "ROR Sites").  Defendants admit that the statutory agent for Xcentric can be located at 8833 S. JB Road, Reevis Mountain, AZ 85545.  Defendants deny all remaining allegations contained in Paragraph 5 of the Complaint.

6.      Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.      Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8.      Defendants affirmatively allege that Magedson is a single man residing in Maricopa County, Arizona and that Magedson is a Manager of Xcentric.  Defendants deny all remaining allegations contained in Paragraph 8 of the Complaint.

9.      Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10.     Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 10 of the Complaint and therefore deny the same.

11.     Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 11 of the Complaint and therefore deny the same.

12.     Defendants affirmatively allege that Xcentric operates the ROR Sites.  Defendants deny all remaining allegations contained in Paragraph 12 of the Complaint.

13.     The document speaks for itself.  Defendants deny all remaining allegations contained in Paragraph 13 of the Complaint.

14.     Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15.    Defendants affirmatively allege that results from various search engines such as Google.com and Yahoo.com may provide links to the ROR Site.  Defendants deny all remaining allegations contained in Paragraph 15 of the Complaint.

16.    Defendants admit that Xcentric does not verify the reports or rebuttals posted on the ROR Site for accuracy.  Defendants deny the remaining allegations contained in Paragraph 16 of the Complaint.

17.    Defendants admit that the ROR Site allows users to search postings organized by state.  Defendants admit there is a category on the ROR Site titled "Corrupt Companies".  Defendants deny all remaining allegations contained in Paragraph 17 of the Complaint.

18.    Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.    Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.    The document speaks for itself.  Defendant denies all remaining allegations contained in Paragraph 20 of the Complaint.

21.    The document speaks for itself.  Defendant denies all remaining allegations contained in Paragraph 21 of the Complaint.

22.    The document speaks for itself.  Defendant denies all remaining allegations contained in Paragraph 22 of the Complaint.

23.    The document speaks for itself.  Defendant denies all remaining allegations contained in Paragraph 23 of the Complaint.

24.    The document speaks for itself.  Defendant denies all remaining allegations contained in Paragraph 24 of the Complaint.

25.     Defendants affirmatively allege that Xcentric offers a program known as the "Corporate Advocacy Business Remediation & Customer Satisfaction Program".  When a company has received complaints on the ROR Site and wants to demonstrate its commitment to improving its customer service, it can become a member of the Corporate Advocacy Program ("CAP").  The CAP is a voluntary service.  Defendants deny all remaining allegations contained in Paragraph 25 of the Complaint.

26.     Defendants admit that at some time, a representative of GW Equity sent an email to EDitor@ripoffreport.com.  Defendants deny all remaining allegations contained in Paragraph 26 of the Complaint.

27.     Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 27 of the Complaint and therefore deny the same.

28.     Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.     In response to Paragraph 29 of the Complaint, Defendants repeat and reallege all Paragraphs of this Answer as if set forth fully herein.

30.     Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.    Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.    In response to Paragraph 39 of the Complaint, Defendants repeat and reallege all Paragraphs of this Answer as if set forth fully herein.

40.    Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.    Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.    Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.    Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.    Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.    In response to Paragraph 45 of the Complaint, Defendants repeat and reallege all Paragraphs of this Answer as if set forth fully herein.

46.    Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.    Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.    Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.    Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.    Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.    Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.    In response to Paragraph 52 of the Complaint, Defendants repeat and reallege all Paragraphs of this Answer as if set forth fully herein.

53.    Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.    Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.    Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56.    Defendants deny the allegations contained in Paragraph 56 of the Complaint.

5

57.     Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.     In response to Paragraph 58 of the Complaint, Defendants repeat and reallege all Paragraphs of this Answer as if set forth fully herein.

59.     Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.     Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.     In response to Paragraph 65 of the Complaint, Defendants repeat and reallege all Paragraphs of this Answer as if set forth fully herein.

66.     Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.     Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68.     Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.     In response to Paragraph 72 of the Complaint, Defendants repeat and reallege all Paragraphs of this Answer as if set forth fully herein.

73.     The document speaks for itself.   Defendants deny all remaining allegations contained in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations contained in Paragraph 74 of the Complaint.

6

75.     Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76.     Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77.     Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79.     Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 79 of the Complaint and therefore deny the same.

80.     Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81.     Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82.     In response to Paragraph 82 of the Complaint, Defendants repeat and reallege all Paragraphs of this Answer as if set forth fully herein.

83.     Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84.     Paragraph 84 contains only argument to which no response is required, however, to the extent any response is required Defendants request a jury trial.

## **GENERAL DENIAL**

Pursuant to Fed.R.Civ.P. 8(d), Defendants generally deny any and all allegations set forth in the Complaint *except* as to those matters which are expressly admitted herein.  All other allegations are denied.

## **RESERVATION OF DEFENSES**

Defendants expressly reserve the right to assert any and all applicable defenses as may become known to them during the course of this action, including all such defenses as may be applicable pursuant to Fed. R. Civ. P. 8(c).

7

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State Claim)

The Complaint fails to state any claim upon which relief may be granted because

Defendants do not publish, create, solicit, or develop any of the statements at issue in this matter.

**SECOND AFFIRMATIVE DEFENSE**

(Unclean hands)

The Complaint and each cause of action set forth therein is barred by the doctrine of

unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

(Truth)

Any defamation-based claims set forth in the Complaint are barred to the extent that the

statements which form the basis for such claims are, in fact, true.

**FOURTH AFFIRMATIVE DEFENSE**

(Lack of Intent; Actual Malice)

Notwithstanding the fact that Defendants did not publish, create, solicit, or develop any

of the alleged defamatory or unlawful statements at issue in this case, any defamation-based

claims set forth in the Complaint are barred to the extent that Plaintiff is a public figure and

Defendants lacked actual malice and/or negligence sufficient to support any defamation-based

claims.

**FIFTH AFFIRMATIVE DEFENSE**

(Communications Decency Act Immunity)

All claims set forth in the Complaint are barred to the extent that the content of the

statements which form the basis for such claims was provided by third parties.  As such, pursuant

8

to 47 U.S.C. § 230(c)(1), Defendants are absolutely immune from civil liability for any such statements posted by third parties. *See* 47 U.S.C. § 230(c)(1); *Carafano v. Metrosplash.com, Inc. 339 F.3d 1119* (9th Cir. 2003)*; Batzel v. Smith,* 333 F.3d 1018 (9th Cir. 2003); *Doe v. America Online, Inc.*, 783 So.2d 1010 (Fl. 2001); *Schneider v. Amazon.com, Inc.*, 31 P.3d 37 (Wash.App 2001); *Zeran v. America Online, Inc.*, 129 F.3d 327 (4th Cir. 1997).

WHEREFORE, having fully answered Plaintiff's Original Complaint for Damages and Emergency Application for Injunctive Relief filed on June 1, 2007, Defendants request that this Honorable Court grant the following relief:

A.   Dismiss Plaintiff's Complaint with prejudice and order that Plaintiffs take nothing thereby;

B.   Deny, with prejudice, all equitable, injunctive, and/or declaratory relief in any form requested by Plaintiffs;

C.   Award judgment for all reasonable attorney's fees incurred in favor of Defendants and against Plaintiffs pursuant to Fed. R. Civ. P. 11(c) and/or under any other applicable authority; and costs pursuant to any other applicable authority;

D.   Any other relief deemed appropriate by the Court.

DATED this 22nd day of August, 2007.

**JABURG & WILK, P.C.**


/s/ Maria Crimi Speth
Maria Crimi Speth, Esq.
JABURG & WILK PC
3200 North Central Avenue
Suite 2000
Phoenix, Arizona 85012
(602) 248-1000
Attorneys for Defendants
*Admitted Pro Hac Vice*


Jeffrey S. Seeburger
Texas State Bar No. 00788381
KANE RUSSELL COLEMAN
& LOGAN, P.C.
3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Tel: (214) 777-4275
Fax: (214) 777-4299


**Certificate of Service**

I hereby certify that on August 22, 2007, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

John T Cox, III
Lynn Tillotson & Pinker
750 N St Paul St
Suite 1400
Dallas, TX 75201
Attorneys for Plaintiff

Jeffrey Scot Seeburger
Kane Russell Coleman & Logan
3700 Thanksgiving Tower
1601 Elm St
Dallas, TX 75201

10

With a COPY of the foregoing mailed this 22nd day of August, 2007, to:

Honorable Ed Kinkeade
U. S. District Court
Northern District of Texas
1100 Commerce Street
Room 1625
Dallas, Texas  75242-1003

/s/ Laura Rogal _____