☐AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GW EQUITY, LLC,

SUBPOENA IN A CIVIL CASE

v.

Case Number:[1] 3:07CV0976-K
Northern District Of Texas
Dallas Division

XCENTRIC VENTURES, LLC,
WWW.RIPOFFREPORT.COM,
WWW.BADBUSINESSBUREAU.COM,
and EDWARD MAGEDSON

TO:  Legal Department
     Comcast Corporation
     1500 Market Street
     Philadelphia, PA 19102

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

√  YOU ARE COMMANDED to produce and permit inspection and copying of the following Documents or objects at the place, date, and time specified below (list Documents or objects):

*See* Attached Exhibit A.

| PLACE | DATE AND TIME |
| --- | --- |
| Lynn Tillotson & Pinker, LLP | |
| 750 N. St. Paul Street, Suite 1400, Dallas, Texas 75201 | August 7, 2007 |
| (214) 981-3800 Telephone; (214) 981-3839 Facsimile | |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

| ISSUING OFFICER'S SIGNATURE AND TITLE: | DATE |
| --- | --- |
| _____ Attorney for Plaintiff | July 17, 2007 |

ISSUING OFFICER' S NAME, ADDRESS AND PHONE NUMBER:
Angela V. Colmenero
Lynn Tillotson & Pinker, LLP
750 N. St. Paul Street, Suite 1400, Dallas, Texas 75201
(214) 981-3800 Telephone; (214) 981-3839 Facsimile

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



EXHIBIT 1

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 7/18/07 | 1500 Market Street Philadelphia, PA 19102 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Comcast Corporation- Legal Department | Rosemarie Pierce, Paralegal accepted service for Comcast Corp. at the given address. |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Adrienne Baione | Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed 7/26/02

Signature of Server: Adrienne Baione

235 S. 13th Street
ADDRESS OF SERVER
Philadelphia, PA 19107

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 31 2007
CLERK, U.S. DISTRICT COURT
  Deputy

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

## I. INSTRUCTIONS

1. Terms that are Capitalized are defined and/or explained Terms in General Definitions and the definitions and/or explanations in General Definitions shall have the meanings assigned to them and should be used and strictly followed in responding to this Duces Tecum.

2. These Requests seek the production of any and all Documents and/or Materials in your Possession, Custody and/or Control.

3. If you claim any privilege or have any objection, whether based on statute, common law or otherwise as a grounds for not producing any of the requested Documents and/or Materials, please respond by furnishing a complete list which Identifies in detail each Document and/or Material for which any privilege or any objection is claimed in accordance with Rule 26 of the Federal Rules of Civil Procedure.

4. If any individual Request is ambiguous or unduly burdensome, please send a letter to the undersigned counsel clearly describing why the situation exists. Any reply letter may be treated by the parties to whom it is addressed as a modification of the particular Request. Since these courtesies are extended in the spirit of co-operation and to lessen the burdens on the Court, any frivolous attempts to delay or impede any responses to this Request for Production will result in the filing of a motion for sanctions.

5. Unless Terms have been given a specific definition or explanation Herein, each Term used Herein shall be given its usual and customary dictionary definition or explanation as used in proper English grammar except where such Terms have a specific custom and usage definition in your profession, trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition in your profession, trade or industry, of which you are aware. In construing the Requests herein: (i) the singular shall include the plural and the plural shall include the singular; and (ii) a masculine, feminine or neuter pronoun shall not exclude the other genders, all to the end that the interpretation which is applied to the requests shall result in the more expansive responses to this Request for Production.

6. In making production, produce all Documents and/or Materials as kept in the normal course of business and Identify the file from which each Documents and/or Materials was taken.

## II. DEFINITIONS

The following terms shall have the meanings indicated below and each time any such word is used in this discovery request, you will be charged with knowledge of such definitions in

responding. In each case, your response should respond to all the elements or questions included in such defined words.

1. "Comcast Corporation" or "Comcast" means Comcast Corporation as well as any of its subsidiaries, divisions, joint ventures, predecessors and successors, if any, and all of its officers, directors, managing agents, agents, employees, attorneys, accountants, consultants, representatives, and any person acting or purporting to act on their behalf or under their direction.

2. "hurtbygwequity@comcast.net" shall refer to the individual or individuals who registered that email address with Comcast Corporation.

3. "Communication" means any exchange, transfer or dissemination of information, regardless of the means by which it is accomplished, including, without limitation, any act, action, oral speech, written correspondence, contact, expression of words, thoughts or ideas, or transmission or exchange of data or other information to another person, whether orally, person to person, in a group, in a meeting, by telephone, letter, personal delivery, intercom, telecom, telex, fax, e-mail, compact or floppy disc, or any other process, electric, electronic, or otherwise in any medium.

4. "Contact" means any contact, connection, link, relationship or association.

5. "Document" or "documents" has the broadest meaning accorded to it by the Federal Rules of Civil Procedure, including, but not limited to, all writings of whatever type, nature or description, whether typed, handwritten, printed or otherwise, as well as audio or videotape recordings, computer tapes, discs, and other electronic or mechanical recordings, however produced or reproduced, including information stored in a computer such as electronic mail messages, whether or not ever printed in hard copy. The term also includes drafts, originals and every copy of the original that differs in any respect from the original.

6. "Relating to," "relates to" or "concerning" means, in whole or in part, addressing, analyzing, constituting, consisting of, embodying, in connection with, containing, commenting on, discussing, describing, identifying, making reference to, reflecting, reporting on, stating, dealing with, or in any way pertaining to a stated subject matter.

## DOCUMENT REQUESTS

1. All computer disks or drives, or information stored on any computer, server, or electronic storage device, containing information that refers or relates to the individuals who have the registered user name hurtbygwequity@comcast.net.

2. All hard copy documents that refer or relates to the individuals who have the registered user name hurtbygwequity@comcast.net.

3. All hard copy or electronic documents that came from, once belonged to, or were copied from the individuals who have the registered user name hurtbygwequity@comcast.net.

4. All hard copy or electronic documents that were sent to or were copied to the individuals who have the registered user name hurtbygwequity@comcast.net.

5. All computer disks or drives, or information stored on any computer, server, or electronic storage device, containing information that refers or relates to the individuals who have the registered user name dmccormick777@comcast.net.

6. All hard copy documents that refer or relates to the individuals who have the registered user name dmccormick777@comcast.net.

7. All hard copy or electronic documents that came from, once belonged to, or were copied from the individuals who have the registered user name dmccormick777@comcast.net.

8. All hard copy or electronic documents that were sent to or were copied to the individuals who have the registered user name dmccormick@comcast.net.

