

Comcast NESTO
650 Centerton Road
Moorestown, NJ 08057
856.317-7214 Tel
856.317-7319 Fax

**CONFIDENTIAL**

July 20, 2007

**VIA FACSIMILE**
Lynn Tillotson & Pinker, LLP
Attn: Angela Colmenero
750 N. St. Paul Street, Suite 1400
Dallas, Texas 75201
**FAX: 214-981-3839**

         Re: GW EQUITY, LLC, v. XCENTRIC VENTURES, LLC.,
         WWW.RIPOFFREPORT.COM, WWW.BADBUSINESSBUREAU.COM, and EDWARD
         MAGEDSON
         United States District Court
         Eastern District of Pennsylvania
         Case No.: 3:07CV0976-K
         Comcast Case #: 3772704, 3772706, 3772707

Dear Ms. Colmenero:

      The Subpoena dated July 17, 2007 with respect to the above-referenced matter has been forwarded to me for a reply. The Subpoena requests Comcast to produce certain subscriber records pertaining to the following: hurtbygwequity@comcast.net, dmccormick777@comcast.net and dmccormick@comcast.net.

      The information requested under the Subpoena is governed by Section 631 of the Cable Communications Policy Act of 1984, 47 U.S.C. § 551. Under that statute, a cable operator is prohibited from disclosing personally identifiable information pertaining to a subscriber without the subscriber's express consent, except in limited circumstances as set forth in the statute. Under Section 551, a cable operator may not disclose such material pursuant to a subpoena except to a government entity in accordance with the provisions of subsection (c)(2)(D), which does not appear to apply to the current matter. In order for Comcast to disclose personally identifiable information to a private individual or entity, such as the one identified in your request, subsection (c)(2)(B) requires "a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." Accordingly, Comcast will not be able to release the requested information in the absence of a court order that complies with Section 551. For your information, I have enclosed a copy of Section 551. As an alternative to providing Comcast with a court order under subsection (c)(2)(B) you may also provide us with a written consent from our subscriber to the disclosure of the information sought in the Subpoena. Upon our receipt of such a written consent, we would be able to reply with the responsive information available to us. Otherwise, in the absence of a court order or written subscriber consent, Comcast will be required to move to quash or otherwise object to the Subpoena. We hope that the time and expense associated with objecting to the Subpoena will be unnecessary in light of Comcast's willingness to comply with a court order or written subscriber consent. Unless I hear from you to the contrary in writing by the close of business Friday, August 3 at 5:00 PM EST, I will assume that you will provide Comcast with a court order that satisfies subsection (c)(2)(B) or written customer consent in due course and that Comcast need take no further action at this time.

      In connection with processing the Subpoena, I have checked Comcast's records and determined that Comcast has limited information responsive to the Subpoena. Therefore, Comcast would be unable to provide responsive information to a court order seeking all of the information requested in the Subpoena.

      If I can be of further assistance, or if you have any questions regarding this matter, please feel free to call me at (856) 317-7214.

                                      Very truly yours,

                                      Marcee LaHiff, Legal Analyst
                                      Legal Response Center

EXHIBIT 2

Enclosure



## 47 USC § 551 (2002)

### § 551. Protection of subscriber privacy

(a) Notice to subscriber regarding personally identifiable information; definitions.

(1) At the time of entering into an agreement to provide any cable service or other service to a subscriber and at least once a year thereafter, a cable operator shall provide notice in the form of a separate, written statement to such subscriber which clearly and conspicuously informs the subscriber of--
 (A) the nature of personally identifiable information collected or to be collected with respect to the subscriber and the nature of the use of such information;
 (B) the nature, frequency, and purpose of any disclosure which may be made of such information, including an identification of the types of persons to whom the disclosure may be made;
 (C) the period during which such information will be maintained by the cable operator;
 (D) the times and place at which the subscriber may have access to such information in accordance with subsection (d); and
 (E) the limitations provided by this section with respect to the collection and disclosure of information by a cable operator and the right of the subscriber under subsections (f) and (h) to enforce such limitations.
In the case of subscribers who have entered into such an agreement before the effective date of this section, such notice shall be provided within 180 days of such date and at least once a year thereafter.

(2) For purposes of this section, other than subsection (h)--
 (A) the term "personally identifiable information" does not include any record of aggregate data which does not identify particular persons;
 (B) the term "other service" includes any wire or radio communications service provided using any of the facilities of a cable operator that are used in the provision of cable service; and
 (C) the term "cable operator" includes, in addition to persons within the definition of cable operator in section 602 [47 USC § 522], any person who (i) is owned or controlled by, or under common ownership or control with, a cable operator, and (ii) provides any wire or radio communications service.

(b) Collection of personally identifiable information using cable system.

(1) Except as provided in paragraph (2), a cable operator shall not use the cable system to collect personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned.

(2) A cable operator may use the cable system to collect such information in order to--
 (A) obtain information necessary to render a cable service or other service provided by the cable operator to the subscriber; or
 (B) detect unauthorized reception of cable communications.

(c) Disclosure of personally identifiable information.

(1) Except as provided in paragraph (2), a cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned and shall take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or cable operator.

(2) A cable operator may disclose such information if the disclosure is--
 (A) necessary to render, or conduct a legitimate business activity related to, a cable service or other service provided by the cable operator to the subscriber;
 (B) subject to subsection (h), made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed;
 (C) a disclosure of the names and addresses of subscribers to any cable service or other service, if--
  (i) the cable operator has provided the subscriber the opportunity to prohibit or limit such disclosure, and

(ii) the disclosure does not reveal, directly or indirectly, the—
   (I) extent of any viewing or other use by the subscriber of a cable service or other service provided by the cable operator, or
   (II) the nature of any transaction made by the subscriber over the cable system of the cable operator; or
(D) to a government entity as authorized under chapters 119, 121, or 206 of title 18, United States Code [*18 USC § § 2510 et seq., 2701 et seq., or 3121 et seq.*], except that such disclosure shall not include records revealing cable subscriber selection of video programming from a cable operator.

(d) **Subscriber access to information.** A cable subscriber shall be provided access to all personally identifiable information regarding that subscriber which is collected and maintained by a cable operator. Such information shall be made available to the subscriber at reasonable times and at a convenient place designated by such cable operator. A cable subscriber shall be provided reasonable opportunity to correct any error in such information.

(e) **Destruction of information.** A cable operator shall destroy personally identifiable information if the information is no longer necessary for the purpose for which it was collected and there are no pending requests or orders for access to such information under subsection (d) or pursuant to a court order.

(f) Civil action in United States district court; damages; attorney's fees and costs; nonexclusive nature of remedy.

   (1) Any person aggrieved by any act of a cable operator in violation of this section may bring a civil action in a United States district court.

   (2) The court may award—
      (A) actual damages but not less than liquidated damages computed at the rate of $ 100 a day for each day of violation or $ 1,000, whichever is higher;
      (B) punitive damages; and
      (C) reasonable attorneys' fees and other litigation costs reasonably incurred.

   (3) The remedy provided by this section shall be in addition to any other lawful remedy available to a cable subscriber.

(g) **Regulation by States or franchising authorities.** Nothing in this title [*47 USC § § 521 et seq.*] shall be construed to prohibit any State or any franchising authority from enacting or enforcing laws consistent with this section for the protection of subscriber privacy.

(h) **Disclosure of information to governmental entity pursuant to court order.** Except as provided in subsection (c)(2)(D), a governmental entity may obtain personally identifiable information concerning a cable subscriber pursuant to a court order only if, in the court proceeding relevant to such court order—

   (1) such entity offers clear and convincing evidence that the subject of the information is reasonably suspected of engaging in criminal activity and that the information sought would be material evidence in the case; and
   (2) the subject of the information is afforded the opportunity to appear and contest such entity's claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE [DISTRICT]

| | |
|---|---|
| [NAME].<br><br>    Plaintiffs,<br><br>v.<br><br>[NAME],<br><br>    Defendants. | Civil Action No. [number] |

### ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Upon the Plaintiffs' Motion for Leave to Take Immediate Discovery and the supporting Memorandum of Law, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on Comcast Cable Communications, LLC ("Comcast") to obtain the identity of [each John Doe Defendant] by serving a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure requesting the subscriber's name and address; provided, however, that said discovery shall be conditioned on: (a) Comcast having seven (7) calendar days after service of the subpoena to notify subscribers that their identity is sought by Plaintiffs; (b) each subscriber whose identity is sought having twenty one (21) calendar days from the date of such Comcast notice to file any papers contesting the subpoena; and (c) payment to Comcast by Plaintiffs of all reasonable costs of: (i) compiling the requested information; (ii) providing pre-disclosure notifications to subscribers; and (iii) all other reasonable costs and fees incurred responding to discovery.  Comcast may provide notice using any reasonable means, including but not limited to written notice sent to the subscriber's last known address, transmitted either by first class mail or via overnight service.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the subpoena issued under Rule 45 of the Federal Rules of Civil Procedure may

be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under [nature of claims] as enumerated in the Complaint.

IT IS FURTHER ORDERED THAT any subpoena issued pursuant to this order shall be deemed an appropriate court order under 47 U.S.C. § 551.

IT IS FURTHER ORDERED THAT good faith attempts by Comcast to notify the subscriber(s) shall constitute compliance with this order.


Dated:_____
_____

                                                  The Honorable [Name]
                                                  United States District Judge