UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GW EQUITY, LLC, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | CIVIL ACTION |
| v. | § | |
| | § | No. 3-07-CV-0976-K |
| XCENTRIC VENTURES, LLC, | § | |
| WWW.RIPOFFREPORT.COM, | § | |
| WWW.BADBUSINESSBUREAU.COM, | § | |
| and EDWARD MAGEDSON, | § | |
| | § | |
| DEFENDANTS. | § | |

### JOINT STIPULATION AND PROPOSED ORDER

TO THE HONORABLE COURT:

Plaintiff GW Equity, LLC ("Plaintiff"), Defendants Xcentric Ventures, LLC and Edward Magedson (collectively, "Defendants"), and Comcast Cable Communications, LLC ("Comcast") submit the following Joint Stipulation and agree on the following:

1.  On July 18, 2007, GW Equity served Comcast with a Subpoena Duces Tecum requiring it to produce certain documents on August 7, 2007. *See* Exhibit A, Subpoena Duces Tecum.

2.  In response to the Subpoena Duces Tecum, Comcast informed GW Equity that Section 631 of the Cable Communications Policy Act of 1984, 47 U.S.C. § 551 prohibits it from issuing such information pertaining to a subscriber without the subscriber's express consent.

3.  In order for Comcast to disclose subscriber information to GW Equity, such as the information requested in the Subpoena Duces Tecum, section 551(c)(2)(B) requires "a court

order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed."

  4. The parties agree that GW Equity may serve a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure on Comcast requesting the subscribers name and address of the following users: hurtbygwequity@comcast.net, dmccormick777@comcast.net, and dmccormick@comcast.net. This Stipulation, when signed by the presiding Judge, will serve as a court order under Section 551(c)(2)(B).

  5. The parties agree that this discovery shall be conditioned on (1) Comcast having seven (7) calendar days after the Court signs this stipulation and the service of the subpoena to notify subscribers that their identity is sought by Plaintiff; (b) each subscriber whose identity is sought having twenty-one (21) calendar days from the date of such Comcast notice to file any papers contesting the subpoena; (c) if no response or intention to contest is filed or served by any such notified subscriber within the twenty-one (21) calendar days allotted, Comcast shall disclose the relevant information within five (5) days thereafter, however provided that if any affected subscriber files a responsive pleading, opposition, intention to contest or otherwise contests the subpoena within the allotted time period, Comcast will not be required to disclose the subpoenaed information unless and until this Court considers and disposes of any such challenge; and (d) payment to Comcast by Plaintiff of all reasonable costs of: (i) compelling the requested information; (ii) providing pre-disclosure notifications to subscribers; and (iii) all other reasonable costs and fees incurred responding to discovery. Comcast may provide notice using any reasonable means, including but not limited to written notice sent to the subscriber's last known address, transmitted either by first class mail or via overnight service.

6. Pursuant to the subpoena issued under Rule 45, Comcast agrees to produce the following documents to GW Equity:

   a. All information stored on any computer, server, or electronic storage device, containing information that refers or relates to the individuals who have the registered user name hurtbygwequity@comcast.net, dmccormick777@comcast.net, and dmccormick@comcast.net.

   b. All hard copy documents that refer or relates to the individuals who have the registered user name hurtbygwequity@comcast.net, dmccormick777@comcast.net, and dmccormick@comcast.net.

   c. All hard copy or electronic documents that came from, once belonged to, or were copied from the individuals who have the registered user name hurtbygwequity@comcast.net, dmccormick777@comcast.net, and dmccormick@comcast.net.

   d. All hard copy or electronic documents that were sent to or were copied to the individuals who have the registered user name hurtbygwequity@comcast.net, dmccormick777@comcast.net, and dmccormick@comcast.net.

7. Any information disclosed to GW Equity in response to the subpoena issued under Rule 45 of the Federal Rules of Civil Procedure may only be used by GW Equity for the purpose of protecting GW Equity's rights in this specific case.

Dated: November 6, 2007

**AGREED TO AS TO FORM AND SUBSTANCE**:


*/s/ John T. Cox III*_____
John T. Cox III
Texas Bar No. 24003722
**LYNN TILLOTSON & PINKER, L.L.P.**
750 N. St. Paul Street, Suite 1400
Dallas, Texas 75201
Telephone:  (214) 981-3800
Facsimile:  (214) 981-3839

**ATTORNEY FOR PLAINTIFF
GW EQUITY, LLC**

__/s/ Maria Crimi Speth_____
Maria Crimi Speth, Esq.
**JABURG & WILK, PC**
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: (602) 248-1000
Direct: (602) 248-1089
Facsimile: (602) 248-0522

**ATTORNEY FOR DEFENDANTS XCENTRIC
VENTURES, LLC AND EDWARD MAGEDSON**


__/s/ Thomas G. Yoxall_____
Thomas G. Yoxall
**LOCKE LIDDELL & SAPP**
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone: (214) 740-8683
Facsimile: (214) 740-8800

Gerard J. Lewis, Jr.
Vice President, Deputy General Counsel & Chief Privacy Officer
Comcast Cable Communications, LLC
1500 Market Street
Philadelphia, PA 19102-2148 U.S.A.
Telephone: (215) 640-8925
Facsimile: (215) 981-8508

**ATTORNEYS FOR COMCAST
CABLE COMMUNICATIONS, LLC**



**SO ORDERED, this ___day of _____, 2007:**


_____
UNITED STATES DISTRICT JUDGE