IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GW EQUITY LLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:07-CV-976-O |
| | § | |
| XCENTRIC VENTURES LLC, et al., | § | |
| Defendants. | § | |

## ORDER RESOLVING OBJECTIONS AND ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On August 14, 2008, this Court referred Plaintiff's Motion for Sanctions Against Defendants for Intentional Spoliation of Relevant Evidence to the magistrate judge for recommendation or determination. On October 8, 2008, the magistrate judge found Plaintiff failed to demonstrate that sanctions are warranted, and recommended denial of Plaintiff's motion. Plaintiff filed an objection to the magistrate judge's findings and recommendation, which this Court must resolve. *See* FED. R. CIV. P. 72.

Having considered Plaintiff's objection in light of all relevant filings and law, the Court overrules this objection and affirms the magistrate judge's order.

I.  Standard of Review

Plaintiff argues that the *de novo* standard of review applicable to resolution of a magistrate's rulings on dispositive motions applies here because Plaintiff asked that judgment be entered against Defendants as a sanction. However, the severity of the sanction recommended by the magistrate judge determines whether a motion for sanctions is considered dispositive or nondispositive. *See Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519-20 (10th Cir. 1995) (the penalty to be imposed rather than the penalty sought by the movant controls the scope of the

1

magistrate's authority); *John v. Louisiana*, 889 F.2d 1441 (5th Cir. 1990) (magistrate's recommendation of monetary sanctions is nondispositive).  Here, the magistrate judge recommended that Plaintiff's motion for sanctions be denied.  Accordingly, the Court applies the standard of review applicable to review of a magistrate judge's ruling on a nondispositive motion.

The Court reviews a party's challenge to the decision of a magistrate judge in a nondispositive matter pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, which provides that the court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  *See* Fed. R. Civ. P. 72(a); *see also Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 481 (N.D. Tex. 2001).  The 'clearly erroneous' standard applies to the factual components of the magistrate judge's decision.  *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 208 (N.D. Tex. 1996).  The district court may not disturb a factual finding of the magistrate judge unless the reviewing court is left with the definite and firm conviction that a mistake has been committed.  *Id.*  If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it.  *Id.*  The magistrate judge's legal conclusions are freely reviewable.  *Barrow*, 202 F.R.D. at 482.  The district judge applies a *de novo* standard, and reverses if the magistrate judge errs in some respect in his legal conclusions.  *Id.*  The abuse of discretion standard governs review of the vast area of choice that remains to the magistrate judge who has properly applied the law to fact findings that are not clearly erroneous.  *Id.*

## II.    Background

Plaintiff GW Equity ("Plaintiff") is a mergers and acquisition firm which acts as a consultant to middle-market business owners who seek to sell or merge their business.  Plaintiff alleges that Defendants published defamatory statements about Plaintiff on their websites, www.RipoffReport.com and www.badbusinessbureau.com ("websites"), and developed, wrote, created, edited, and published information contained in the titles and headings of the defamatory statements.  Plaintiff demanded in writing that Defendants remove these statements.  Doc. No. 181 (3:07-CV-976-O) (N.D. Tex. Jul. 7, 2008) ("Pl's Appx.").  Defendants refused and Plaintiff filed suit on June 1, 2007.

On August 8, 2007, Plaintiff sent Defendants a letter demanding they preserve all evidence regarding the individuals who posted the allegedly defamatory statements about Plaintiff.  Pl's Appx. at 61-63.  Plaintiff demanded that Defendants not "[i]nitiate any procedures that would alter any active, deleted, or fragmented data" or "[r]otate, alter, or destroy any media that stores electronic data."  *Id.* at 62.  Plaintiff also demanded that Defendants not "[d]ispose of any media that contains electronic data" or "[o]verwrite any electronic data."  *Id.*

On July 7, 2008, Plaintiff filed its Motion for Sanctions Against Defendants for Intentional Spoliation of Relevant Evidence.  Plaintiff claims Defendants intentionally destroyed evidence, including the original versions of statements submitted by third parties to Defendants' websites.  Plaintiff alleges that these original postings, if compared to later versions of the postings, would prove that Defendants added their own content to the defamatory statements.  Plaintiff asserts that this information is relevant to Defendants' affirmative defense under the Communications Decency Act.

Defendants claim they maintain a policy of never destroying documents or other electronic information. Defendants assert that the documents currently published on their websites are the original postings submitted by the authors. Defendants do not dispute that if an employee made a change to a posting, Defendants' electronic database would save the change directly into the submitted content, overwriting the original content. *Id.* However, Defendants claim that this overwriting capacity is irrelevant because nothing was added to or removed from the postings at issue in this lawsuit. Defendants state that employees do not add content to titles or reports, as it is against Xcentric's policy to do so. In addition, while employees do remove profanity or personal information such as social security numbers, the employees indicate this by labeling a deletion a "redaction" or by replacing letters of profane words with symbols.

III. Analysis

The magistrate judge found Plaintiff failed to demonstrate that sanctions for spoliation of evidence are warranted, and recommends denial of Plaintiff's motion. Plaintiff objects to the magistrate judge's findings and recommendation, and makes the following arguments: (1) the magistrate judge incorrectly determined that Defendants were not under a duty to preserve evidence because of the manner in which their database is designed; (2) the magistrate judge's recommendation adopted factual findings that are contrary to the record evidence; (3) the magistrate judge erred in not considering Mr. Woodard's former deposition testimony; (4) the magistrate judge's finding that Defendants did not act in bad faith by failing to preserve evidence is clearly erroneous; and (5) the magistrate judge failed to consider the severe prejudice Plaintiff has suffered due to Defendants' failure to preserve evidence. The Court now considers the magistrate judge's ruling in light of Plaintiff's arguments pursuant to Rule 72(a) of the Federal

Rules of Civil Procedure.

## A. Duty to Preserve

Plaintiff asserts that the magistrate judge erred when he found that, because Defendants' database was not configured to preserve information, Defendants did not have a duty to preserve information once litigation became imminent and after litigation commenced.

Plaintiff misstates the magistrate judge's findings. While the magistrate judge found that Defendants failed to suspend their policy of allowing content monitors to save reports with their edits (if any) as the sole record of the report, the magistrate judge also found, and the record supports, that no edits were made to the reports at issue in this case. In other words, the current versions of the postings found on Defendants' websites are the "original" postings submitted by the authors. The magistrate judge did not find that the configuration of Defendants' database reduced or eliminated the duty to preserve information once litigation becomes imminent or has commenced. Rather, the magistrate judge found Plaintiff failed to demonstrate Defendants intentionally destroyed relevant evidence. The record supports this finding, which is not clearly erroneous or contrary to law.

## B. The Magistrate Judge's Factual Findings

Plaintiff contends that the magistrate judge's recommendation adopted factual findings that are contrary to the record evidence. Specifically, Plaintiff argues that the magistrate judge incorrectly concluded that Plaintiff presented no evidence of Defendants' intentional destruction of evidence and that Plaintiff was not prejudiced by Defendants' failure to suspend the ability of its employees to overwrite data. Plaintiff states that the magistrate judge failed to consider evidence that Defendants employed "content monitors" to edit postings.

The Court does not find the magistrate judge failed to consider evidence that Defendants employed "content monitors" to edit postings. First, the magistrate judge's order indicates that testimony from content monitors was considered. *See* Doc. No. 242 (3:07-CV-976-O) (N.D. Tex. Oct. 8, 2008) (Order, stating that the Court reviewed the deposition testimony of content monitors and discussing this testimony). In addition, the evidence indicates that content monitors did not add content to postings within the relevant time period, with the exception of redacting personal information or profanity. *See* Def's Appx. at 5-22 (deposition testimony of content monitors indicating that some content monitors never added content, and those who did have not done so in the past several years).[1] Accordingly, the Court finds the magistrate judge did not fail to consider evidence regarding content monitors and did not err in concluding Plaintiff presented no evidence of Defendants' intentional destruction of evidence.

Similarly, the Court cannot conclude the magistrate judge erred in finding Plaintiff was not prejudiced by Defendants' failure to suspend its employees' ability to overwrite data. As previously noted, the magistrate judge found, and the record supports, that no edits were made to the reports at issue in this case. Accordingly, the current versions of the relevant postings on Defendants' websites are the "original" versions Plaintiff claims have been destroyed. Under these facts, the Court does not find the magistrate judge committed error in finding that Defendants' failure to halt its policy of allowing overwriting did not prejudice Plaintiff.

## C. Exclusion of Mr. Woodard's former testimony

Plaintiff argues that the magistrate judge erred in not considering Mr. Woodard's former deposition testimony. Plaintiff states that Mr. Woodard's testimony is admissible because he is

---

[1] These depositions are under seal.

unavailable as a witness under Rule 801(a)(2) of the Federal Rules of Civil Procedure and Rule 32(a)(4)(D) of the Federal Rules of Civil Procedure. While Defendants were able to depose Mr. Woodard in connection with the present action, Plaintiff states that Mr. Woodard refused to answer questions from Plaintiff at his deposition and also refused to comply with a Court order to appear for a subsequent deposition.

The Court finds that the magistrate judge did not err in not considering Mr. Woodard's former deposition testimony. First, Plaintiff did not offer Mr. Woodard's testimony in support of its motion for sanctions. While this testimony was submitted in support of Plaintiff's response to Defendant's motion for summary judgment, Plaintiff does not present Mr. Woodard's testimony for consideration in connection with its motion for sanctions.

Additionally, were Mr. Woodson's former testimony to be part of the record regarding Plaintiff's motion for sanctions, this testimony is only admissible if the party against whom the testimony is being offered, or a predecessor of interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. *Battle v. Memorial Hosp. at Gulfport*, 228 F.3d 544, 552 (5th Cir. 2000). Plaintiff does not dispute that the deposition in question was given in a state court case to which Defendants were not parties, and that Defendants were neither present nor represented at the deposition. In addition, while Plaintiff conclusory refers in its objection to the former state court action as "related" to this action, Plaintiff has not demonstrated to the Court that there was a similar motive for developing Mr. Woodard's testimony in the former case. Accordingly, even if Mr. Woodard should be considered "unavailable" as defined by the Federal Rules of Civil Procedure and/or Federal Rules of Evidence, Plaintiff failed to demonstrate Mr. Woodard's former testimony should be

considered by the Court in connection with Plaintiff's motion for sanctions.  *See Battle*, 228 F.3d at 552.  Accordingly, the Court is unable to conclude that the magistrate judge's exclusion of Mr. Woodard's former testimony was clearly erroneous or contrary to law.

## D.  Findings regarding bad faith

Plaintiff argues that the magistrate judge's finding that Defendants did not act in bad faith by failing to preserve evidence is clearly erroneous.  Plaintiff contends that the magistrate judge should have inferred bad faith because Defendants continued to overwrite or otherwise destroy evidence after being put on notice of the relevance of this evidence.  Specifically, Plaintiff argues that the magistrate judge should have inferred bad faith from the following evidence: (1) Plaintiff put Defendants on notice about the facts surrounding this lawsuit as early as November 2006 and again in January 2007, but Defendants did nothing to preserve evidence; and (2) Plaintiff again put Defendants on notice when it filed this lawsuit in June 2007 and served Defendants with a preservation letter in August of the same year.

The Court does not find that the magistrate judge's finding that Plaintiff failed to demonstrate that Defendants acted in bad faith is clearly erroneous.  As previously noted, there is evidence demonstrating that once the original postings at issue were posted, the postings were not modified.  Additionally, the magistrate judge was entitled to credit evidence demonstrating that it was Defendants' policy that employees not add content to postings.  *See* Defs' Appx. at 10-11 (stating that content monitors did not have the discretion to add words or content to postings, and that to do so would be a violation of policy).  Accordingly, the Court cannot conclude that the magistrate judge committed error by not inferring that Defendants acted in bad faith based on the record before the Court.

**E. Findings regarding prejudice to Plaintiff**

Plaintiff argues that the magistrate judge failed to consider the severe prejudice Plaintiff has suffered due to Defendants' failure to preserve evidence. Plaintiff argues that because Defendants destroyed documents, it is unable to prove its case, indicating that the magistrate judge erred.

The Court does not find the magistrate judge erred in failing to consider Plaintiff's alleged severe prejudice. Plaintiff's argument that the magistrate judge erred is premised on the belief that relevant documents were overwritten. However, the magistrate judge found, and the record supports, that no edits were made to any of the reports at issue in this case, and therefore no relevant documents were destroyed through overwriting. Accordingly, the Court cannot find that the magistrate judge clearly erred in failing to find severe prejudice to Plaintiff. The magistrate judge found that Plaintiff was not prejudiced by Defendants' failure to suspend their policy of allowing content monitors to save reports with edits. This finding is not clearly erroneous or contrary to law.

IV. Conclusion

For the forgoing reasons, the Court concludes that the magistrate judge's October 8, 2008 order recommending denial of Plaintiff's Motion for Sanctions is hereby **AFFIRMED**.

**SO ORDERED** on this **9**th day of **January, 2009.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**